# IN THE COURT OF APPEALS OF IOWA

No. 13-1403
Filed August 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee

**vs.**

**MAX V. THORNDIKE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.


        Defendant appeals his convictions for sexual abuse in the second degree and lascivious acts with a child.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Sean M. Corpstein, Legal Intern, Michael J. Walton, County Attorney, and Jerald Feuerbach, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Max Thorndike appeals his convictions of two counts of sexual abuse in the second degree, in violation of Iowa Code section 709.3 (2013), and one count of lascivious acts with a child, in violation of section 709.8(2). We affirm.

I.

Thorndike challenges the sufficiency of the evidence supporting his convictions. "Sufficiency of evidence claims are reviewed for a correction of errors at law." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *Id.* (internal marks and citation omitted). We will uphold a verdict if it is supported by substantial evidence. *Id.* "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *Id.*

Thorndike attacks his convictions solely on the ground the victims were not credible. "Generally, the credibility of witnesses is left to the jury." *State v. Mitchell*, 568 N.W.2d 493, 503 (Iowa 1997). In *State v. Smith*, 508 N.W.2d 101, 103 (Iowa Ct. App. 1993), the court recognized an exception to the general rule where "[t]he testimony of a witness may be so impossible and absurd and self-contradictory that it should be deemed a nullity by the court." Relying on that principle, the *Smith* court reversed the defendant's convictions for sexual abuse and assault where "the accounts of alleged abuse [were] inconsistent, self-

contradictory, lacking in experiential detail, and, at times, border[ed] on the absurd." 508 N.W.2d at 103. The instances in which a court should consider testimony a nullity due to credibility determinations are "limited." *State v. Hobbs*, No. 12-0730, 2013 WL 988860, at *3 (Iowa Ct. App. Mar. 13, 2013).

We do not find this case to be one where the testimony is so impossible and absurd that it should be disregarded. The victims were seven-year-old girls. On the date of the offense, the girls were staying the night at Thorndike's adult son's residence, where Thorndike also resided. While there are some minor differences in the victims' respective accounts regarding details immaterial to the offense, the victims' respective testimony does not deviate on the operative facts: on the night of December 15, 2012, Thorndike entered their bedroom where they were both sleeping and forcibly placed their hands on his "private part." The victims were able to demonstrate during trial where they were forced to touch Thorndike's body by drawing an "X" between the legs of a person in a picture. The victims' respective testimony regarding the same operative facts is substantial evidence sufficient to support the jury's verdict. *See State v. Paulsen*, No. 10-1287, 2011 WL 3925699, at *4 (Iowa Ct. App. Sept. 8, 2011) (upholding conviction, despite discrepancies in victim's testimony, because victim's story was "fundamentally consistent" and victim "never changed the operative fact that [defendant] inappropriately touched [victim's] vaginal area and breasts"); *see also Mitchell*, 568 N.W.2d at 503 (same).

II.

Thorndike argues the district court erred in denying his motion for a new trial. "A court may grant a new trial where a verdict rendered by a jury is contrary to law or evidence." *Mitchell*, 568 N.W.2d at 503. Contrary to the evidence means contrary to the weight of the evidence. *See State v. Reeves*, 670 N.W.2d 199, 201-02 (Iowa 2003). "Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other." *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). We review the denial of a motion for new trial for an abuse of discretion. *See id.* at 559. Our review is limited to the question of whether the district court abused its discretion in denying the motion and not a decision on the merits of whether the verdict is against the weight of the evidence. *See Reeves*, 670 N.W.2d at 203. To establish an abuse of discretion, the defendant must show the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *See id.* at 202. We recognize that trial courts should exercise the discretion to grant a new trial "carefully and sparingly." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

In addition to restating his arguments regarding the victims' credibility, Thorndike contends the district court erroneously applied a sufficiency-of-the-evidence standard and not the correct weight-of-the-evidence standard in denying his motion for new trial. We disagree in both respects. First, as discussed above, the girls' testimony regarding the operative facts was

consistent and preponderates in favor of the verdict. On the second point, in reviewing the hearing on the motion for new trial, it is clear the court applied the correct standard. In denying the defendant's motion for new trial, the court specifically analyzed the credibility of the girls' testimony. The district court concluded the girls were competent to testify, which counsel did not contest. The district court concluded its analysis by stating that it would not "discount the statement made by these two witnesses." We cannot say the district court abused its discretion in denying the motion.

III.

Thorndike argues his trial counsel provided ineffective assistance by failing to object to the marshalling instruction for lascivious acts with a child. The jury was instructed, in relevant part, that to find Thorndike guilty of lascivious acts with a child, the following elements must be proved beyond a reasonable doubt:

1. On or about the 15th day of December, 2012, the Defendant, with or without Ja.S. or Jo.S.'s consent:
    a. Fondled or touched the pubes or genitals of Ja.S. or Jo.S.; or
    b. Permitted or caused Ja.S. or Jo.S. to fondle or touch the Defendant's genitals or pubes.

The only evidence of fondling or touching offered at trial was that Thorndike forced the girls to touch his penis, which was probative of alternative "b." There was no evidence of alternative "a" presented at trial. During closing argument, the prosecutor admitted there was no evidence relating to alternative "a" and that alternative "a" "probably doesn't apply." It is not disputed there is insufficient evidence to support a conviction under alternative "a."

Thorndike argues because the jury was provided only a general verdict form and not interrogatories, it is possible the jury could have found him guilty of the offense under a theory not supported by sufficient evidence. The defendant contends this entitles him to a new trial. The cases upon which defendant relies do not stand for that proposition, however. Instead, these cases stand only for the proposition that when "circumstances make it impossible for the court to determine whether a verdict rests on a valid legal basis or on an alternative invalid basis, we give the defendant the benefit of the doubt and assume the verdict is based on the invalid ground." *State v. Lathrop*, 781 N.W.2d 288, 297 (Iowa 2010). This rule relates only to *legal* error in one of the alternatives and not to the sufficiency of the evidence supporting one of the alternatives provided to the jury.

For example, in *Lathrop*, the court vacated the defendant's sentence where one of the alternatives posed in the jury instruction allowed for an ex post facto application of the lifetime parole enhancement for sex offenders. *See id.* at 301. In *State v. Heemstra*, 721 N.W.2d 549, 557-59 (Iowa 2006), the court reversed the defendant's conviction for murder when one alternative instruction erroneously allowed for a finding of guilt where the predicate offense should have been merged into the murder. In *State v. Hogrefe*, 557 N.W.2d 871, 881 (Iowa 1996), the court remanded for new trial where two of the three alternatives of committing the offense were not legally viable under the theft statute. Finally, in *State v. Pilcher*, 242 N.W.2d 348, 354-56 (Iowa 1976), the court held the defendant's conviction must be reversed when the general verdict did not specify

the alternative upon which the verdict rested where one of the alternative instructions was unconstitutional. In each of these cases, the court held reversal of the defendant's conviction or vacatur of the defendant's sentence was required because of true legal error.

Where the challenge is only to the instruction on the basis of insufficient evidence, the controlling case is *Griffin v. United States*, 502 U.S. 46 (1991). In that case, the Supreme Court held a general verdict need not be set aside "because one of the possible bases of conviction was . . . unsupported by sufficient evidence." *Griffin*, 502 U.S. at 56. That case arises under the United States Constitution, but Thorndike has not asked us to adopt a different rule under Iowa law. In any event, our supreme court has noted the same distinction as the *Griffin* Court. *See State v. Martens*, 569 N.W.2d 482, 485 (Iowa 1997) (explaining *Griffin* "involved a question of insufficiency of the evidence, whereas the question in the case at bar pertains to legal errors and constitutional protections"). The *Griffin* court explained the distinction between the resolution of claims of legally erroneous jury instructions and claims of insufficient evidence by noting jurors do not have the expertise to disregard legal error but are well equipped to disregard factually inadequate theories:

> Jurors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law—whether, for example, the action in question is protected by the Constitution, is time barred, or fails to come within the statutory definition of the crime. When, therefore, jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error. Quite the opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors *are* well equipped to analyze the evidence.

502 U.S. at 59; *see State v. Horlas*, No. 01-1764, 2002 WL 31757451, at *4 (Iowa Ct. App. Dec. 11, 2002) (relying on *Griffin* and stating "[i]f the evidence is sufficient to prove guilt under any one of the theories instructed, the jurors are presumed to have relied on that theory").  The *Griffin* court's distinction between the types of claims is particularly compelling here where the prosecutor conceded the evidence was insufficient as to one alternative and asked the jury to focus their deliberations on the correct alternative.  While it would have been "preferable for the court to give an instruction removing that theory from the jury's consideration[, t]he refusal to do so . . . does not provide an independent basis for reversing an otherwise valid conviction."  *Griffin*, 502 U.S. at 60.

Thorndike's claim fails for an additional reason.  This claim is presented to us as an ineffective assistance of counsel claim.  In this context, Thorndike must still establish he was prejudiced by trial counsel's failure to object to the improper jury instruction.  *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").  The ultimate inquiry is whether trial counsel's allegedly deficient performance caused a complete "breakdown in the adversary process" such that the conviction is unreliable.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  This requires Thorndike to establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Lamasters v. State*, 821 N.W.2d 856, 866 (Iowa 2012).  Thorndike has not carried his burden of establishing prejudice.

Thorndike has not explained how the inclusion of this instruction specifically prejudiced his case. He does not contend the results of the proceeding would have been different. Indeed, if counsel would have objected, the district court may have removed the instruction without any impact on this proceeding. The State essentially removed the instruction from the jury's consideration during closing argument by conceding there was not sufficient evidence to support the first alternative and focusing instead on the second alternative. We can presume the jurors relied on the correct theory. We have already concluded there is sufficient evidence supporting the jury's verdict under that theory. Because Thorndike has not established the result of the proceedings would have been different, his ineffective assistance of counsel claim fails. *See State v. Hardin*, No. 00-1400, 2002 WL 663557, at *2 (Iowa Ct. App. Apr. 24, 2002) (finding defendant was not prejudiced where sufficient evidence supported one theory but where jury was given instruction containing alternative not supported by the evidence).

IV.

For the foregoing reasons, the defendant's convictions are affirmed.

**AFFIRMED.**