# IN THE COURT OF APPEALS OF IOWA

No. 14-1874
Filed November 12, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JUSTIN J. BUTLER,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Justin Butler appeals from judgment entered upon his conviction for second-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Justin Butler appeals from judgment entered upon his conviction for second-degree burglary, contending the jury's finding that he was the perpetrator is contrary to the weight of the evidence. *See* Iowa R. Crim. P. 2.24(2)(b)(6) (allowing trial court to grant a new trial "[w]hen the verdict is contrary to law or evidence").

Our review of the district court's denial of Butler's motion for new trial is for an abuse of discretion. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). District courts are to use this discretion sparingly and in a manner that preserves the jury as the principal trier of fact. *Id.* The question for the district court is whether the evidence is "contrary to the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). On appeal, however, we are limited to reviewing the district court's exercise of discretion and may not review "the underlying question of whether the verdict is against the weight of the evidence." *Id.* at 203.

Here, the verdict is based upon the identification of Butler by Karl and Margaret Hickerson. At about 2:00 a.m. on May 27, 2013, Karl had come downstairs and found the back door propped open and basketball shoes in the hallway. He awakened Margaret and began searching the house, turning on all the lights and making sure all the doors were locked. When no intruder was found, Margaret took the family dog and went back upstairs to their bedroom. She then heard a noise from another room and called to Karl. As she opened the bedroom door, a young man ran out the adjacent room and down the stairs. Karl was coming up the stairs at the time and the intruder ran past him. The

intruder put on the basketball shoes and tried to leave the house but was unable to because he could not get the door unlocked. Karl then confronted the intruder and after some discussion let him out of the house.[1] The Hickersons then called the police and gave a description of the intruder. The couple recognized Butler as the man in their house when they later came upon his picture online, and when presented with a photo array, Karl immediately picked Butler's photo.

At trial, Karl testified, "I was probably four feet away from him with the light behind me, so the light was in his face while we were talking there. I got a very good look at him." Karl identified Butler and stated he had no doubt: "He has different hair. He had short hair, unbraided, no mustache, no beard, clean shaven, but it's the same face." Margaret testified she followed the intruder down some of the stairs and was able to see him from above and the side while he talked to Karl. She identified Butler as the intruder. The State also admitted without objection brief recordings of jail phone conversations during which Butler stated they could not convict him without proof, and that "by the time we do go to trial . . . it'll be like eight months since you know like the crime actually happened . . . how . . . they going to remember a face they seen one time eight months ago?" Butler's mother testified that Butler has always had facial hair and that his hair in May 2013 was the same as it was at trial. She also testified he was at her home on May 27 playing video games and "he would never leave." The jury found Butler guilty, and the district court overruled the motion for new trial,

---

[1] Karl testified the intruder had "raised his hands and he said, I have nothing of yours. You want me to leave and I want to leave . . . . I can't because you've locked all the doors." The next day, Karl realized three or four twenty-dollar bills were missing from his wallet in the sitting room adjacent to their bedroom. Karl reported the missing money to the police.

stating: "[T]he weight of the credible evidence, after the verdict—is indicating to the Court that there was adequate evidence under that standard to allow the jury to convict Mr. Butler based on the facts as elicited by the State through the witnesses . . . ." Finding no abuse of discretion, we affirm.

**AFFIRMED.**