**IN THE COURT OF APPEALS OF IOWA**

No. 16-0156
Filed October 26, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**DIAMOND S. WILSON,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Johnson County, Lars G. Anderson, Judge.

  Defendant appeals the denial of his motion for new trial. **AFFIRMED.**

  Mark C. Smith, State Appellate Defender, and Patricia Reynolds, Assistant Appellate Defender, for appellant.

  Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.

  Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Following jury trial, Diamond Wilson was convicted of intimidation with a dangerous weapon, carrying weapons, and unlawful possession of a firearm, in violation of Iowa Code sections 708.6, 724.4, and 724.26 (2015).  On appeal, he contends the district court abused its discretion in denying his motion for new trial on the ground the verdict was contrary to the evidence.

Our review in this case is limited.  "A court may grant a new trial where a verdict rendered by a jury is contrary to law or evidence."  *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006).  Contrary to the evidence means contrary to the weight of the evidence.  *See State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003).  "The district court has broad discretion in ruling on a motion for new trial."  *Id.* at 202.  Our review is limited to the question of whether the district court abused its discretion in denying the motion and not a decision on the merits of whether the verdict is contrary to the weight of the evidence.  *See id.* at 203.  To establish an abuse of discretion, the defendant must show the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.  *See id.* at 202.  Trial courts should exercise the discretion to grant a new trial "carefully and sparingly."  *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

The victim testified Wilson confronted her after Wilson came to believe the victim had been cheating during a card game they were playing at Wilson's girlfriend's apartment.  Wilson pulled a handgun and pointed it at the victim and told her he was going to kill her.  The victim testified Wilson's girlfriend intervened and pushed Wilson and then the handgun fired.  Wilson fled the scene prior to

law enforcement arriving. The victim testified Wilson called her several days later and offered her several thousand dollars to tell the police Wilson was not the shooter. The victim's testimony was corroborated by forensic evidence. The investigating officers found a bullet hole in the floor where Wilson had been standing during the confrontation, a bullet jacket, and a fresh dent in the ductwork beneath the floor consistent with the trajectory of the bullet.

Wilson argues the verdict was contrary to the evidence because the victim was not credible and because no handgun was ever recovered. The credibility determination was for the jury, and recovery of the handgun was not necessary to prove the elements of the offenses. Under the circumstances, we cannot conclude the district court's denial of Wilson's motion was unreasonable. *See United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (stating appellate court neither sits to judge credibility of witnesses nor to reweigh the evidence; rather appellate court is limited to examining the evidence produced at trial to determine whether the district court's determination that the evidence does or does not preponderate heavily against the verdict is a clear and manifest abuse of discretion).

**AFFIRMED.**