# IN THE COURT OF APPEALS OF IOWA

No. 16-1151
Filed February 22, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARK EUGENE ROBINSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

Defendant appeals from order denying his motion for new trial. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

This matter comes before the court a second time. In the prior appeal, we determined sufficient evidence existed to support Mark Robinson's conviction for second-degree robbery. *See State v. Robinson*, No. 14-1845, 2016 WL 894110, at *3–4 (Iowa Ct. App. Mar. 9, 2016). However, because the district court applied the incorrect legal standard in ruling on Robinson's motion for new trial, we conditionally affirmed the conviction and remanded the case with directions to apply the correct legal standard. *See id.* at *4–5. On remand, the district court denied the motion for new trial. On appeal, Robinson contends the district court again applied the incorrect standard.

The facts and circumstances of the offense are set forth in our prior opinion:

> The jury could have found the following facts from the State's evidence presented at trial. On the evening of January 1, 2014, Mark Robinson drove away in a Ford Taurus that the owner had left idling in the Forest Mart parking lot on University Avenue in Des Moines. About half an hour later, Robinson entered the Kum & Go on Hickman Road and asked the clerk working behind the counter for two cartons of cigarettes.
> The clerk—who was working alone—retrieved the cartons, scanned in the prices, and rang up the sale. She kept her hand on the cartons while Robinson tried to swipe his credit card. Robinson could not complete the transaction because he held the card upside down. The clerk suggested he turn it around, but instead of reswiping the card, Robinson lunged toward her. The clerk testified Robinson "almost jumped over the counter"—grabbing the cigarette cartons out of her hand. The clerk recalled being scared and, in response to Robinson's sudden movement, she "jumped back, not knowing what he [was] going to do."
> After taking the cartons from the clerk, Robinson placed one hand in his pocket—acting "like he had a weapon" to harm her— and demanded more cigarette cartons. He ordered her to "give me two more right fucking now." The clerk complied with his demand, and he ran out of the store. Investigators retrieved the surveillance video from several cameras positioned around the convenience

store. The prosecution presented the video to the jury during Robinson's trial. The jury convicted Robinson of robbery in the second degree.

*Id.* at *1.

Iowa Rule of Criminal Procedure 2.24(2)(b)(6) allows a defendant to request a new trial when the verdict is "contrary to law or evidence." That means "contrary to the weight of the evidence." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). The purpose of granting a new trial based on the weight of the evidence is to avoid a miscarriage of justice in which the evidence preponderates heavily against the verdict. *Id.* at 658–59. A weight-of-the-evidence standard requires the court to independently "weigh the evidence and consider the credibility of the witnesses." *Id.* at 658.

"A district court should grant a motion for a new trial only in exceptional circumstances." *State v. Ary*, 877 N.W.2d 686, 705 (Iowa 2016). "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *Id.* at 706. "However, we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *Id.* "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003).

Robinson contends the district court did not engage in an independent evaluation of the evidence or make any credibility determinations. *See State v. Scalise*, 660 N.W.2d 58, 66 (Iowa 2003). We disagree. The record reflects the district court was aware of our prior ruling. In denying Robinson's motion, the

district court noted its recollection of the evidence presented at trial. The district court noted the video and the testimony "don't mesh completely" but stated its belief "there is also more than sufficient correlation between the two" to reach the conclusion it did. The court twice stated it was examining whether "the greater weight of the evidence" supported the jury's finding. Robinson directs our attention to the court's statement it did not find "sufficient grounds . . . to invade the province of the jury and to upset their deliberations and ultimate conclusions." Robinson reads too much into the court's use of the word "sufficient." Granting a motion for new trial necessarily invades the province of the jury. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). We view the court's statement as merely restating its conclusion "that the verdict is not so inconsistent with the greater weight of the evidence, taking the testimony of the clerk along with the video, to have created that miscarriage of justice." Finding no error of law, we affirm.

**AFFIRMED.**