# IN THE COURT OF APPEALS OF IOWA

No. 16-0937
Filed October 11, 2017

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**TODD ORRIN GRANT,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

A defendant appeals his conviction of theft in the second degree. **CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Todd Grant appeals his conviction for second-degree theft, in violation of Iowa Code sections 714.1(4), 714.2(2) (2015), and the habitual offender sentencing enhancement imposed pursuant to section 902.8. He claims the evidence was insufficient to support his conviction, the verdict is against the weight of the evidence,[1] and the district court abused its discretion during sentencing.

## I. Background Facts and Proceedings

On November 29, 2015, Andre Carl and his family returned home from out-of-state Thanksgiving gatherings. When they arrived home, Carl noticed his vehicle was not in the driveway and the front door was unlocked. As he entered the home, the entire house appeared to have been ransacked. Carl immediately called the police and his insurance company.

Detectives with the City of West Des Moines Police Department searched Robert Brooks's residence in relation to a separate investigation. Brooks consented to the search, and the detectives located a Green Bay Packers stock certificate belonging to Andre Carl. Brooks eventually stated he received the certificate from his step-nephew, Todd Grant, and the detectives notified the Des Moines Police Department. Once provided with Grant's current location, the detectives and the Des Moines police took Grant into custody in the parking lot of an apartment complex. Grant's girlfriend, Jennifer Lumley, approached and

---

[1] Trial counsel argued there was insufficient evidence in the record and the jury verdict was contrary to the weight of the evidence. The district court considered both arguments and ruled on them accordingly. Therefore, error was preserved and we need not address the argument under the alternate framework of ineffective assistance of counsel.

indicated she lived at the apartment. Lumley consented to a search of her apartment where a set of keys was located, one of which opened the padlock to Lumley's seldom-used hallway storage closet. To Lumley's surprise, the detectives found the storage closet packed full with approximately twenty bags, each containing many miscellaneous items.

Carl was able to identify three or four bags exclusively containing his property, in addition to one piece of luggage. The bags contained various clothing items, some toiletries, and a few electronics.

Grant was charged with theft in the second degree. The charge alleged "the theft of any property exceeding one thousand dollars but not exceeding ten thousand dollars in value." *See* Iowa Code § 714.2(2). The sentence was also enhanced due to Grant's status as a habitual offender pursuant to section 902.8. A jury found Grant guilty of second-degree theft. The court sentenced him to a term of fifteen years with a mandatory minimum of three years, imposed and then suspended "a $750 fine plus surcharge,"[2] and ordered the term of incarceration to run consecutively with Grant's probation-violation sentence. Grant appeals.

## II. Scope of Review

We review claims of insufficient evidence for errors at law. *State v. Rohm*, 609 N.W.2d 504, 509 (Iowa 2000). We will "uphold a finding of guilt if 'substantial evidence' supports the verdict." *Id.* "'Substantial evidence' is evidence upon

---

[2] We assume the surcharge the sentencing court referenced in this part of its sentencing order was the thirty-five percent surcharge pursuant to Iowa Code section 911.1. Because the fine was entirely suspended, the surcharge was likewise entirely suspended. *See* Iowa Code § 911.1(3) ("When a fine or forfeiture is suspended in whole or in part, the court shall reduce the surcharge in proportion to the amount suspended."). The court also imposed the law enforcement initiative surcharge under section 911.3, but the imposition of that surcharge is not at issue in this appeal.

which a rational finder of fact could find a defendant guilty beyond a reasonable doubt." *Id.* "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

"We review sentencing challenges for errors at law." *State v. Liddell*, 672 N.W.2d 805, 815 (Iowa 2003). "A sentence will not be upset on appellate review unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *Id.* (citation omitted).

## III. Sufficiency of the Evidence

Grant asserts there is insufficient evidence in the record to show he possessed the stolen property, he knew the property was stolen, and the stolen property exceeded $1000. *See* Iowa Code § 714.2(2).

Brooks testified he received a Green Bay Packers certificate from Grant. Because the certificate had Carl's name on the front, Grant would have known he was in possession of Carl's property.

The jury was instructed that possession could include both actual and constructive possession. The jury instruction further defined both types of possession:

> A person who has direct physical control over a thing on his person is in actual possession of it.
> A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

In addition to the evidence Grant actually possessed and gave the certificate to Brooks, the State offered evidence Grant frequently stayed at his Lumley's apartment, had access to the apartment's storage closet, and the storage closet contained the stolen property. Lumley testified that before the police searched the storage closet, she had not used it for more than one year and she only stored an air conditioner and a Christmas tree in the closet. She also testified Grant had access to the storage closet and had equipped it with a padlock. The key to the padlock was found in Lumley's apartment. Further, when officers showed Lumley the quantity of bags and luggage in her storage closet, she seemed visibly shocked and did not recognize any of the items. The property manager testified he saw Grant enter the storage closet and noticed "a lot of stuff" in the closet, and he also knew Grant's girlfriend only stored a Christmas tree and an air conditioner in the storage closet. Therefore, the record contains substantial evidence supporting the jury's conclusion that Grant possessed property and knew the property was stolen.

The jury was also presented with evidence of the contents and the value of Carl's items. Pursuant to section 714.3, "[t]he value of property is its highest value by any reasonable standard at the time that it is stolen." The reasonable standard "includes but is not limited to market value within the community, actual value, or replacement value." Iowa Code § 714.3. Testimony about value "is liberally received, with its weight to be determined by the jury." *State v. Savage*, 288 N.W.2d 502, 504 (Iowa 1980). An owner of the property is competent to testify to its value. *State v. Boyken*, 217 N.W.2d 218, 220 (Iowa 1974). When questioned as to how he arrived at a value, Carl stated:

I did a little bit of Internet research. I went out and tried to find the items that I knew were missing. If I could find them, I provided the insurance company the link so that they knew exactly what I was talking about in addition to the description. In those items that I couldn't find the exact one, I got as close as I could.

Carl testified to the value of each piece of clothing stolen, along with a bottle of cologne and a piece of luggage. In all, Carl testified the stolen property was worth approximately $2000. Having heard Carl's testimony about the value he assigned to each piece of property and how he arrived at each estimate, the jury was free to accept or reject the testimony. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). Substantial evidence supports the jury's conclusion that the value of the stolen property exceeded $1000.

Accordingly, substantial evidence supports the jury's conclusion that Grant possessed Carl's property, knew the property to be stolen, and the value of the stolen property exceeded $1000.

## IV. Weight of the Evidence

Grant contends the jury verdict was contrary to the weight of the evidence and the district court should have granted his motion for new trial. The weight of the evidence refers to a determination by the trial court that "a greater amount of credible evidence supports one side of an issue or cause than the other." *State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998) (citation omitted).

In ruling on Grant's motion for a new trial, the district court stated:

I have carefully reviewed the motion for new trial/motion in arrest of judgment . . . .
    I'm going to deny the motion for new trial/motion in arrest of judgment. I don't think the jury's verdict was contrary to the law or the weight of the evidence, and I don't believe that any miscarriage of justice occurred here.

The record indicates the district court made an independent evaluation of the evidence and assessed the credibility of the witnesses presented at trial. In evaluating the jury's verdict, the district court looked to Grant's connection with Carl's property starting with the Green Bay Packers certificate, Grant's connection with Lumley's storage locker, and Grant's control over the locker as established from testimony by both Lumley and the property manager. As a result, we conclude the court did not abuse its discretion in denying Grant's motion for new trial.

## V. Sentencing

The district court sentenced Grant to a term of fifteen years with a mandatory minimum of three years, imposed and then suspended a fine of $750 and the thirty-five percent surcharge, and ordered the sentence to run consecutively with Grant's probation violation sentence. Grant argues the district court was without statutory authority to impose a fine and erred in relying on section 908.10 as the basis to impose consecutive sentences. The State concedes error in the assessment of the fine. *See* Iowa Code §§ 902.8 (excluding any mention of a fine for habitual offenders); 902.9(1)(c) (same); *cf.* 902.9(1)(e) (stating the maximum sentence for a class "D" felon who is not a habitual offender may include a fine). Likewise, the imposition of the thirty-five percent surcharge was improper as that surcharge is dependent upon the imposition of a fine. *See id.* § 911.1(1) ("When a court imposes a fine or forfeiture for a violation of state law, . . . the court or the clerk of the district court shall assess an additional penalty in the form of a criminal penalty surcharge equal to thirty-five percent of the fine or forfeiture imposed.").

The State also agrees the court erred in citing Iowa Code section 908.10 as the justification for imposing consecutive sentences, which applies to felonies committed while on parole. This section is inapplicable to Grant because he was not on parole but on probation at the time the offense was committed. *Compare id.* § 908.10 (addressing offenses committed while on parole), *with id.* § 908.11 (addressing violations of probation); *see also id.* § 901.5(9)(c) (requiring the court to announce whether multiple sentences will be served consecutively or concurrently for an aggravated misdemeanor or felony). We vacate the suspended fine with the thirty-five percent surcharge and the imposition of consecutive sentences. We remand to the district court for resentencing.

**VI. Conclusion**

We affirm Grant's conviction and judgment. However, we vacate the portion of the sentencing order that imposed and suspended the fine with the thirty-five percent surcharge and the portion that ordered consecutive sentences pursuant to section 908.10, and we remand for resentencing.

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**