STATE of Iowa, Appellee,

v.

Taneka Cherissee ELLIS, Appellant.

No. 97–882.

Supreme Court of Iowa.

May 28, 1998.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik and Dennis Hendrickson, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and D. Raymond Walton, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

A jury convicted Taneka Ellis of first-degree burglary. She appeals, contending the district court used the wrong standard in denying her motion for new trial. We agree. We reverse and remand with directions.

I. *Facts.*

Ellis and several of her friends forced their way into Teria Marks's apartment, ostensibly to get to the root of rumors. Ellis's friends included Tammika Bradford, Dee Harrington, Angela Smith, Jatonna Clark, Trece Johnson, and Teresa Nix. Marks allegedly was spreading rumors that Ellis's boyfriend and Bradford were having an affair.

The confrontation between the women and Marks quickly escalated and turned violent. Marks armed herself with a kitchen knife. Harrington, the most aggressive one of the group, attacked Marks with a miniature baseball bat. Marks slashed in defense, grazing Harrington. Bradford and Harrington rushed Marks and the fray moved to the bathroom where Marks continued to protect herself with indiscriminate slashes. She also wounded a neighbor, Rob Bogg, who had entered the apartment to stop the fray. During the fray, Ellis played no active part, but said and did things to indicate her approval of the assault on Marks.

## II. *Proceedings.*

The State charged Ellis with first-degree burglary as an aider and abettor. *See* Iowa Code §§ 713.1, .3 (1995). At the close of the State's case and again at the close of all of the evidence, Ellis moved for a judgment of acquittal. She argued that her mere presence was insufficient to support the charge. The district court denied the motion, and the jury found Ellis guilty of the charge.

Ellis moved for a new trial. Among other things, she contended the verdict was contrary to the law or evidence. Iowa R.Crim. P. 23(2)(b)(6). Ellis argued "a trial court should be able to grant a new trial under rule 23(2)(b)(6) even where there is some evidence in the record to sustain a guilty verdict." Moreover, Ellis argued that "sufficiency of the evidence, while appropriate for a motion for judgment of acquittal, was inappropriate for a motion for new trial."

The district court noted "considerable cogency in that argument." Nevertheless, the court thought the "law is pretty well-settled on the standard for granting a new trial." The court stated, "I note for the record my written order will overrule the motion for new trial based on sufficiency of the evidence."

In its written order, the court examined the evidence in a light most favorable to the State and found there was sufficient evidence to establish Ellis's guilt beyond a reasonable doubt. This evidence, while persuasive, yielded a result which the court found disproportionately harsh: a first-degree burglary conviction for conduct that was "relatively secondary and passive compared with the conduct of Dee Harrington."

The court sentenced Ellis to an indeterminate term of twenty-five years in prison. *See* Iowa Code §§ 713.3, 902.9(1).

On appeal, Ellis contends the district court should not have used a sufficiency-of-the-evidence standard in deciding her motion for new trial. Rather, she contends, the court should have used a weight-of-the-evidence standard. A weight-of-the-evidence standard, Ellis argues, would have allowed the district court to grant her a new trial even though the evidence might have been sufficient to sustain a conviction.

## III. *Whether Sufficiency of the Evidence is the Correct Standard for Determining Motions for New Trial.*

A. *Background.* Two cases stand out in the development of what is now the law in Iowa on the standard trial courts use in determining motions for new trial: *State v. Tokatlian,* 203 N.W.2d 116 (Iowa 1972) and *State v. Robinson,* 288 N.W.2d 337 (Iowa 1980).

1. *Tokatlian.* In *Tokatlian,* this court considered a challenge to the district court's adverse ruling on the defendant's motion for new trial based on the ground that the verdict was contrary to the evidence. This ground is now codified in Iowa Rule of Criminal Procedure 23(2)(b)(6) (court may grant new trial "[w]hen the verdict is contrary to law or evidence").

At the time *Tokatlian* was decided, Iowa Code section 787.3(6) listed "contrary to the evidence" as one ground for granting a new trial. This court held that the phrase "contrary to the evidence" was synonymous with "against the weight of the evidence," which, in turn, "is used interchangeably with the phrase 'insufficiency of the evidence.'" *Tokatlian,* 203 N.W.2d at 119.

The court also held that when the verdict of conviction is against the weight of the evidence, the trial court must grant a motion for new trial under section 787.3(6). *Id.* In making the determination that the verdict of conviction is against the weight of the evidence, the trial court must follow several principles. The trial court must view the evidence in the light most favorable to the State and accept as established all reasonable inferences tending to support the jury verdict. *Id.* In addition, the *Tokatlian* court stated the trial court need "consider only the supporting evidence whether contradicted or not." *Id.*

After following those principles, according to *Tokatlian,* if the trial court finds that there is substantial evidence to support the verdict, the court may overrule the motion for new trial. *Id.* Substantial evidence is that which would convince a rational factfinder that the defendant is guilty of the crime

charged beyond a reasonable doubt. *State v. Schertz*, 328 N.W.2d 320, 321 (Iowa 1982).

2. *Robinson.* Later, this court overruled that portion of the *Tokatlian* decision that held that the trial court need consider only the supporting evidence whether contradicted or not. *Robinson*, 288 N.W.2d at 340. The court did so relying on *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Before *Jackson*, the federal standard for considering a sufficiency-of-the-evidence challenge was whether there was no evidence to support the jury verdict. *Thompson v. City of Louisville*, 362 U.S. 199, 199, 80 S.Ct. 624, 625, 4 L.Ed.2d 654, 655 (1960) ("The ultimate question presented to us is whether the charges against petitioner were so totally devoid of evidentiary support as to render his conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment.").

In *Jackson*, the Supreme Court abandoned the *Thompson* no-evidence rule, providing this rationale:

[A] properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt, and the same may be said of a trial judge sitting as jury. In a federal trial, such an occurrence has traditionally been deemed to require reversal of the conviction. Under *[In re ] Winship*, [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970)], which established proof beyond a reasonable doubt as an essential of Fourteenth Amendment due process, it follows that when such a conviction occurs in a state trial, it cannot constitutionally stand.

. . . .

After *Winship* the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson*, 443 U.S. at 317–19, 99 S.Ct. at 2788–89, 61 L.Ed.2d at 572–73.

■ Relying on this language, *Robinson* held that

[a] court could not determine whether any rational factfinder could have returned a guilty verdict if the court considered only the evidence which supports guilt, because a rational factfinder cannot render a verdict without taking into consideration all the evidence in the record.

288 N.W.2d at 340. Thus, a trial court must consider both inculpatory and exculpatory evidence in deciding motions for new trial. *Id.* For this reason, this court abandoned the *Tokatlian* rule that the trial court need only consider the supporting evidence when a defendant challenges a jury verdict on sufficiency-of-the-evidence grounds. *Id.* Otherwise, to this date, *Tokatlian* remains the law of this state. *See State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990) ("[R]eview of the sufficiency of the evidence is applicable . . . to the motion for a new trial.").

Ellis now asks us to overrule the *Tokatlian* holding that "contrary to the evidence" means a "sufficiency-of-the-evidence challenge." Ellis thinks there is a vast difference between a "sufficiency-of-the-evidence" standard and a "weight-of-the-evidence" standard. She asserts that "contrary to the evidence" in our rule 23(2)(b)(6) should only mean "weight-of-the-evidence." To support her position, Ellis relies heavily on *Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).

B. *Tibbs.* Two years after *Robinson*, the Supreme Court decided *Tibbs.* In *Tibbs*, the question was whether double jeopardy bars retrial after a state appellate court sets aside a conviction on the ground that the verdict was against the weight of the evidence. The Court held that a reversal based on the weight, rather than the sufficiency, of the evidence permits the State to initiate a new prosecution. *Tibbs*, 457 U.S. at 32, 102 S.Ct. at 2213, 72 L.Ed.2d at 655.

*Tibbs* explained the difference between the weight of the evidence and the sufficiency of the evidence this way:

> [A] conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other."

*Id.* at 37–38, 102 S.Ct. at 2216, 72 L.Ed.2d at 658.

*Tibbs* noted the general rule that a defendant who successfully appeals a judgment of conviction may be tried again. *Id.* at 39–40, 102 S.Ct. at 2217, 72 L.Ed.2d at 660. The Court also noted a narrow exception: Double jeopardy precludes retrial of a defendant who successfully appeals a conviction "once the reviewing court has found the evidence legally insufficient" to support a conviction. *Id.* at 40–41, 102 S.Ct. at 2217, 72 L.Ed.2d at 660. Insufficiency of the evidence to support a conviction means "that the government's case was so lacking that it should not have been *submitted* to the jury." *Id.* at 41, 102 S.Ct. at 2217, 72 L.Ed.2d at 660. The court also noted that "[a] conviction will survive review ... whenever 'the evidence and inferences therefrom most favorable to the prosecution would warrant the jury's finding the defendant guilty beyond a reasonable doubt.'" *Id.,* 102 S.Ct. at 2217, 72 L.Ed.2d at 660. These meanings of "insufficiency of the evidence" accord with our own view of the standard.

The Court in *Tibbs* gave this rationale for the exception to the general rule that a defendant may be tried again although successfully appealing a judgment of conviction:

> [T]he exception ... rests upon two closely related policies. First, the Double Jeopardy Clause attaches special weight to judgments of acquittal. A verdict of not guilty, whether rendered by the jury or directed by the trial judge, absolutely shields the defendant from retrial. A reversal based on the insufficiency of the evidence has the same effect because it means that no rational factfinder could have voted to convict the defendant.
>
> Second, ... "[t]he Double Jeopardy Clause forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding." This prohibition, lying at the core of the Clause's protections, prevents the State from honing its trial strategies and perfecting its evidence through successive attempts at conviction. Repeated prosecutorial sallies would unfairly burden the defendant and create a risk of conviction through sheer governmental perseverance. For this reason, when a reversal rests upon the ground that the prosecution has failed to produce sufficient evidence to prove its case, the Double Jeopardy Clause bars the prosecutor from making a second attempt at conviction.

*Id.* at 41–42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661 (citations omitted).

C. *Applying weight-of-the-evidence standard in the trial court.* Federal courts apply the *Tibbs* weight-of-the-evidence standard on motions for new trial under Federal Rule of Criminal Procedure 33, which allows a new trial if "the interests of justice" so require. *See United States v. Polin,* 824 F.Supp. 542, 551 (E.D.Pa.1993). One commentator on federal procedure notes when and why trial courts must use a sufficiency-of-the-evidence standard or a weight-of-the-evidence standard:

> On a motion for judgment of acquittal, the court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecution. If on this basis there is substantial evidence justifying an inference of guilt, the motion for acquittal must be denied.
>
> On a motion for new trial, however, the power of the court is much broader. It may weigh the evidence and consider the credibility of witnesses. If the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have

resulted, the verdict may be set aside and a new trial granted.

... The motion [for new trial] is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.

3 Charles A. Wright, *Federal Practice and Procedure* § 553, at 245–48 (2d ed.1982).

■ D. *Iowa's position.* *Tibbs* dictates that we overrule that part of *Tokatlian* which recognizes no distinction between a sufficiency-of-the-evidence standard and a weight-of-the-evidence standard, and we do. As *Tibbs* makes clear, there is a serious double jeopardy consequence that demands a distinction between the two standards. We therefore hold that "contrary to ... the evidence" in rule 23(2)(b)(6) means "contrary to the weight of the evidence" as defined in *Tibbs*.

■ Trial courts have wide discretion in deciding motions for new trial. *State v. LaDouceur*, 366 N.W.2d 174, 178 (Iowa 1985). Nevertheless, we caution trial courts to exercise this discretion carefully and sparingly when deciding motions for new trial based on the ground that the verdict of conviction is contrary to the weight of the evidence. We have confidence in our trial courts that they will heed this admonition; a failure to follow it would lessen the role of the jury as the principal trier of the facts and would enable the trial court to disregard at will the jury's verdict.

■ E. *The merits.* Here the district court explicitly based its denial of Ellis's motion for new trial on sufficiency of the evidence. According to *Tibbs*, this was error. The court should have used the weight-of-the-evidence standard.

IV. *Disposition.*

Ellis proposes that we reverse and remand for the district court to rule on the motion applying the correct weight-of-the-evidence standard. We agree and reverse and remand with that direction.

REVERSED AND REMANDED WITH DIRECTIONS.