# IN THE COURT OF APPEALS OF IOWA

No. 14-1818
Filed September 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DAMIAN LYNN BLAISE SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Lucy J. Gamon, Judge.


        Damian Blaise Sr. appeals the judgment and sentence for sexual abuse in the second degree.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Mary A. Triick, Assistant Attorneys General, and Timothy W. Dille, County Attorney, for appellee.


        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Damian Blaise Sr. appeals his conviction for the crime of sexual abuse in the second degree, in violation of Iowa Code sections 709.1, 709.3(2), and 903B.1 (2013). He claims the district court abused its discretion by denying his motion for new trial as the jury verdict was contrary to the weight of the evidence. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

On January 13, 2014, Blaise was charged with sexual abuse in the third degree, which was later amended to sexual abuse in the second degree. The charge stemmed from the State's allegation Blaise had sexually abused an eleven-year-old child. On January 24, Blaise signed a written arraignment and entered a plea of not guilty. A jury trial was held on August 5. The following day, the jury returned a verdict finding Blaise guilty of sexual abuse in the second degree. Following the guilty verdict, Blaise filed a combined motion for new trial and in arrest of judgment claiming the verdict was contrary to the evidence. The district court denied the motion

On October 27, the district court sentenced Blaise to a term of imprisonment not to exceed twenty-five years, ordered victim restitution, and imposed a no-contact order between Blaise and the victim. Blaise now appeals.

Our review of the district court's denial of Blaise's motion for new trial is for an abuse of discretion. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). District courts are to use this discretion sparingly and in a manner that preserves the jury as the principal trier of fact. *Id.* The question for the district court is

whether the evidence is "contrary to the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). On appeal, however, we are limited to reviewing the district court's exercise of discretion and may not review "the underlying question of whether the verdict is against the weight of the evidence." *Id.* at 203.

Blaise complains that the child's testimony contained inconsistencies and therefore lacks probative weight. While there are inconsistencies in the testimony, the district court implicitly found the victim's testimony credible, which supported the verdict. *See Ellis*, 578 N.W.2d at 659 ("The motion [for new trial] is addressed to the discretion of the court, which should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." (citation omitted)). Although the district court's denial of Blaise's motion for new trial was summary in nature, we cannot conclude this implicit credibility finding and the court's resulting denial of the new trial motion amounted to an abuse of discretion.

We find the district court did not abuse its discretion in denying Blaise's motion for new trial, and affirm Blaise's judgment and sentence for sexual abuse in the second degree.

**AFFIRMED.**