# IN THE COURT OF APPEALS OF IOWA

No. 15-1053
Filed May 11, 2016

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**JOSE ENRIQUE MORALES,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, John J. Haney, Judge.

The defendant appeals from his conviction for murder in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Elisabeth Reynoldson, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Jose Morales shot and killed Dedrikk Fisher at close range using a .22 caliber revolver. Following a jury trial, Morales was convicted of murder in the second degree, in violation of Iowa Code sections 707.1 and 707.3 (2013).

Morales contends the district court should have granted his motion for new trial on the ground the verdict is contrary to the evidence. "A court may grant a new trial where a verdict rendered by a jury is contrary to law or evidence." *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006). Contrary to the evidence means contrary to the weight of the evidence. *See State v. Reeves*, 670 N.W.2d 199, 201 (Iowa 2003). "The district court has broad discretion in ruling on a motion for new trial." *Id.* at 202. Our review is limited to the question of whether the district court abused its discretion in denying the motion and not a decision on the merits of whether the verdict is contrary to the weight of the evidence. *See id.* at 203. To establish an abuse of discretion, the defendant must show the district court exercised its discretion on grounds for reasons clearly untenable or to an extent clearly unreasonable. *See id.* at 202. We recognize trial courts should exercise the discretion to grant a new trial "carefully and sparingly." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

There was overwhelming evidence of guilt presented to the jury. A mutual friend of Morales and Fisher was standing next to Fisher at the time Morales shot Fisher. Two of Morales's friends, who drove him to the location, testified they heard the gunshot and saw Morales flee the scene on foot. A security camera captured the defendant's flight from the area immediately after the shooting. At Morales's request, another one of Morales's friends recovered the revolver,

which Morales had hidden while in flight, and stored the same. This friend pleaded guilty to being an accessory after the fact. Morales sent an electronic message to his mother two hours after the murder, stating, "Game over for me. Wish I could have been a better son. I want you to know I love you." Under the circumstances, the district court did not abuse its discretion in concluding the verdict was not contrary to the weight of the evidence.

**AFFIRMED.**