## IN THE COURT OF APPEALS OF IOWA

No. 16-2056
Filed October 11, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JEFFREY ALLEN OLIS,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Plymouth County, John D. Ackerman, Judge.

Jeffrey Olis appeals from his convictions for willful injury causing serious injury and assault. **AFFIRMED IN PART, DISMISSED IN PART.**

Michael K. Williams of the Law of Office of Michael Williams, Hinton, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

Jeffrey Olis appeals from his convictions following a jury trial for willful injury causing serious injury, a class "C" forcible felony, in violation of Iowa Code section 708.4(1) (2016), and assault, a simple misdemeanor, in violation of section 708.1. Olis asserts the trial court erred in denying his motion for a new trial on the grounds the verdict is contrary to the weight of the evidence and contends defense counsel failed to render effective assistance. We conclude the trial court did not abuse its discretion in denying the motion for new trial, and we preserve the ineffective-assistance-of-counsel claims for possible postconviction-relief proceedings. We affirm the conviction for willful injury causing serious injury, and we dismiss the appeal from the simple misdemeanor assault conviction for failure to seek and obtain discretionary review of that conviction.

**I. Background Facts & Proceedings.**

This matter arose on the night of March 5, 2016, at the home of Randy McKee and Debra Ross. Olis, his ex-girlfriend Tammy Drake, and their minor son were visiting for the weekend. McKee, Ross, Olis, and Drake had been drinking for most of the day. That night a dispute occurred between Olis and McKee in the garage of the home. Each testified to a different version of the events at trial.

McKee testified Olis was upset by the tone of voice McKee used in speaking with Drake and Olis threw McKee to the garage floor and kicked him. McKee admitted he then obtained a baseball bat, hit a dresser with the bat once, exited the garage, and hit the bat against a tree, splitting the bat in half. McKee testified Olis followed him outside and stated, "I'm going to teach you a lesson for

grabbing a bat." McKee stated he then felt a great pain on the back of his head. McKee touched the painful spot and realized he was bleeding. McKee testified he then felt another blow to the right side of his head.

Olis testified that after he knocked McKee to the garage floor McKee was angry, obtained the baseball bat, and hit the dresser and other items in the garage. Olis stated McKee then began walking toward Olis with the bat in his hand so Olis "dove at his legs and we wrestled and proceeded to—we started in the corner of the garage and we ended up right outside the door." Olis contended that while outside he and McKee continued wrestling, McKee was on top of Olis, and Olis grabbed the baseball bat and swung it, hitting McKee in self-defense. Olis testified McKee was still on top of him so he struck McKee with the baseball bat again to free himself from the tussle.

Ross testified she came outside when she heard a loud male voice and saw both McKee and Olis standing. Olis was holding an object, and McKee was holding his head. Ross later discovered the object Olis was holding was a piece of the baseball bat.

Due to his injuries, McKee was flown to the hospital. McKee received staples to treat the injury to the back of his head. McKee testified at trial he is now deaf in his right ear due to being struck by the second blow.

Deputy Jary Vermeys conducted an interview of Olis at the jail. Deputy Vermeys stated Olis admitted he hit McKee with the baseball bat. Deputy Vermeys testified he doubted Olis' explanation of the incident:

> It was noted that there was a possibility that he could have made contact in the back of the head on Mr. McKee. But when Mr. Olis

stated he did a clearing or a sweep[1] to get Mr. McKee off him, we found it very inconsistent to know that the force that was used to cause that type of injury to the right side of the head would have been an incident to where that could have happened in him basically kicking or shoving Mr. McKee off [the] top of him.

Following trial, the jury returned its verdict finding Olis guilty of willful injury causing serious injury and assault. Olis filed a motion for new trial on November 15, 2016. The court entered an oral ruling denying the motion on December 2. Olis now appeals.

## II. Denial of the Motion for New Trial.

Olis first contends the trial court should have granted the motion for new trial because the verdict is contrary to the weight of the evidence.

"We review a trial court's ruling on a motion for new trial for an abuse of discretion." *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006). The denial of the motion for new trial will be upheld unless it is shown "the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003).

A court may set aside the verdict and grant a new trial if it "reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." *Nguyen v. State*, 707 N.W.2d 317, 327 (Iowa 2005) (quoting *State v. Ellis*, 578 N.W.2d 655, 658-59 (Iowa 1998)). "[T]he power to grant a new trial on this ground should be invoked only in

---

1 Deputy Vermeys testified Olis described the second blow "as being—as law enforcement would call it—clearing somebody off you or pushing somebody off you."

exceptional cases in which the evidence preponderates heavily against the verdict." *Ellis*, 578 N.W.2d at 659 (citation omitted).

In its oral ruling on the motion for new trial, the court stated:

> The court finds that this is not one of those exceptional cases where the credibility or the weight of the evidence preponderates against a guilty verdict. This was a he said/she said so to speak. It was a he said/he said matter. The fact finder has the ability or the right to determine where credibility lies in such cases.
> The jury here obviously took the position that the victim's testimony was more credible than that of the defendant and the court can't find that there's any real problem with that. So the motion for new trial is denied.

We find the court did not abuse its discretion in denying the motion for new trial. On our review of the evidence, we conclude it does not preponderate heavily against the verdict. The jury heard testimony from both McKee and Olis and determined McKee's testimony to be more credible. *See State v. Hulbert*, 481 N.W.2d 329, 332 (Iowa 1992) ("Assessment of a witness's credibility is uniquely within a lay jury's common understanding."). Additionally, the evidence supported McKee's version of the incident. Deputy Vermeys testified as to his doubts that Olis could have injured McKee to the extent McKee was injured if the incident occurred as Olis stated. When Ross came outside, she observed Olis and McKee standing, not on the ground. Ross also observed Olis holding a piece of the baseball bat, matching McKee's explanation that the bat split in two when he hit it against a tree before he was struck by Olis. Moreover, Olis' contention that he was calm and attacked without provocation is contrary to his admission that he had earlier knocked down McKee. Olis also acknowledged the

two wrestled, and as they were rolling around, the bat was right there, he grabbed it, and hit McKee.

We conclude the trial court did not abuse its discretion in determining this is not the exceptional case warranting a new trial.

**III. Ineffective Assistance of Counsel.**

Olis also contends defense counsel rendered ineffective assistance because (1) counsel did not explain the plea agreement to Olis, (2) counsel was not prepared for trial, (3) counsel failed to impeach McKee regarding whether he had children, (4) counsel failed to call Drake as an impeachment witness, and (5) counsel failed to communicate an acceptance of the plea offer to the State. However, in his brief on appeal Olis acknowledges with respect to a number of the ineffective-assistance claims "[t]here is no record hereof currently." We ordinarily preserve such claims for possible postconviction-relief proceedings, and "will resolve the claims on direct appeal only when the record is adequate." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012). We find the record is not adequate in this case to discern what defense counsel communicated to Olis or counsel's potential trial tactics or strategy. We therefore preserve Olis' ineffective-assistance claims for potential postconviction-relief proceedings.

**IV. Conclusion.**

We find the trial court did not abuse its discretion in denying the motion for new trial and affirm the conviction for willful injury causing serious injury. We dismiss the appeal of the simple misdemeanor assault conviction as only discretionary review is permitted of simple misdemeanor convictions and Olis neither applied for nor was granted discretionary review. *See* Iowa Code §

814.6(1)(a) and (2)(d); Iowa R. App. P. 6.106.  The ineffective-assistance claims are preserved for possible postconviction-relief proceedings.

**AFFIRMED IN PART, DISMISSED IN PART.**