# IN THE COURT OF APPEALS OF IOWA

No. 16-0980
Filed December 20, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BLAKE ALLEN HUFFMAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Grundy County, Joel A. Dalrymple,

Judge.


        Blake Huffman appeals the denial of his motion for a new trial.

**AFFIRMED.**



        Jared R. Weber, Orange City, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee State.



        Considered by Vaitheswaran, P.J., Potterfield, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

Blake Huffman was convicted of five counts of second-degree sexual abuse, one count of third-degree sexual abuse, and one count of assault with intent to commit sexual abuse, as a result of events occurring when he was a juvenile and involving two, juvenile complaining witnesses. *See State v. Huffman*, No. 14-1143, 2015 WL 5278980, at *1 (Iowa Ct. App. Sep. 10, 2015). This court upheld his convictions. *Id.* at *9. Further review by the supreme court was denied, and on March 10, 2016, procedendo issued.

On April 20, 2016, Huffman filed a motion for new trial, claiming he had newly discovered evidence that one of the witnesses had recanted. After a hearing, the district court denied the motion. On appeal, Huffman contends the court erred in denying his motion for new trial.

A new trial may be granted based on newly discovered evidence when the evidence "could not have been discovered earlier in the exercise of due diligence." Iowa R. Crim. P. 2.24(2)(b)(8). "Trial courts have wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

The asserted recantation of one of the witness's testimony is contradicted by the witness's own later deposition reasserting sexual abuse by Huffman. Moreover, "[r]ecantation of trial testimony is viewed with suspicion," and we will reverse the court only for an abuse of its discretion. *State v. Folck*, 325 N.W.2d 368, 377 (Iowa 1982); *see also Jones v. State*, 479 N.W.2d 265, 275 (Iowa 1991) ("We have repeatedly held that a witness'[s] recantation testimony . . . is looked upon with the utmost suspicion."). Finding no abuse of discretion here, we affirm.

**AFFIRMED.**