# IN THE COURT OF APPEALS OF IOWA

No. 17-0719
Filed March 21, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHN CHARLES MCPHERSON II,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, John D. Ackerman, Judge.

John McPherson appeals his conviction for assault on a police officer. **AFFIRMED.**

Zachary S. Hindman of Mayne, Arneson, Hindman, Hisey & Daane, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Zachary C. Miller, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

John McPherson was charged by trial information with assault on a police officer causing bodily injury, in violation of Iowa Code section 708.3A (2016),[1] following a scuffle with Special Agent Todd Monney of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) that occurred in a Sergeant Bluff Police Department interview room. A jury found McPherson guilty of the lesser-included charge of assault on a police officer.[2]

On appeal, McPherson challenges the sufficiency and weight of the evidence. Viewing the evidence in the light most favorable to the State, we find ample evidence to affirm the verdict. In addition, we see no abuse of discretion in the district court's determination the greater weight of credible evidence supported the verdict.

**I. Proceedings.** At the end of the trial, defense counsel made a motion for judgment of acquittal. He argued, "The evidence is clear that no contact was actually made with Agent Monney. Even if the actions of Mr. McPherson were to be construed as an assault, it is clear that those actions did not result in any kind of bodily injury." The State resisted. The district court denied the motion, commenting, "Well, I believe I saw touching. We heard testimony about touching.

---

[1] Assault on a police officer causing bodily injury is an aggravated misdemeanor. *See* Iowa Code § 708.3A(3). McPherson was also charged by the same trial information with possession with intent to deliver a controlled substance, a drug-tax-stamp violation, and carrying a dangerous weapon. The drug charges were dismissed on the State's motion because a laboratory report indicated the seized substance was not a controlled substance. The carrying-a-dangerous-weapon charge was tried to a jury with the assault-on-a-police-officer charge. The jury found McPherson guilty of the weapons charge and he does not appeal that conviction.

[2] Assault on a police officer is a serious misdemeanor. *See* Iowa Code § 708.3A(4). McPherson was sentenced to 191 days in jail with credit for the 191 days McPherson had spent in the Woodbury County Jail, plus a fine, surcharges, and costs.

We heard testimony of cause. It's up to the jury to decide whether this happened. And I believe there's sufficient evidence to submit [the assault-on-a-police-officer charge]."

After deliberating, the jury found McPherson guilty of the lesser-included charge of assault on a police officer. McPherson filed posttrial motions—a motion for new trial and a motion in arrest of judgment—asserting the same arguments he previously raised to the court. The court denied the motions.

**II. Sufficiency of the Evidence.** "Sufficiency of evidence claims are reviewed for correction of errors at law, and we will uphold a verdict if substantial evidence supports it." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017). On a challenge to sufficiency of evidence, we assess the record in the light most favorable to the State, including all reasonable inferences that we may fairly draw from the evidence. *See State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). We will uphold a jury's verdict if it is supported by substantial evidence. *See id.* Evidence is substantial when a reasonable jury could rely on it to find the defendant guilty beyond a reasonable doubt. *See id.* Evidence is not substantial if it raises only suspicion, speculation, or conjecture. *See id.* "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence and credit other evidence." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006).

A person commits assault on a peace officer when the person commits an assault "as defined in section 708.1 . . . against a peace officer" and the person knows that the other person is a peace officer. *See* Iowa Code § 708.3A(2). Section 708.1(2) provides, in relevant part:

A person commits an assault when, without justification, the person does any of the following:

a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offense to another, coupled with the apparent ability to execute the act.

b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

Relevant to the issues raised in this appeal, the jury was instructed:

The State must prove all of the following elements of Assault on a Peace Officer Causing a Bodily Injury in Count 1 of the Trial Information:

1. On or about the 20th day of October, 2016, the defendant did an act which was specifically intended to:

a.  cause pain or injury to Todd Monney;

b.  result in physical contact which was insulting or offensive to Todd Monney; or

c.  place Todd Monney in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to him.

(It is not necessary for all jurors to agree to just (a), (b), or (c). It is only necessary that all jurors agree to at least one of these three alternatives.)

At trial, Special Agent Monney testified that while at the Sergeant Bluff Police Department, McPherson asked to use the restroom. Another officer and Monney took McPherson to the restroom and removed his handcuffs. Asked to describe McPherson upon returning to the interview room, Monney testified,

[McPherson] had been complaining about pain in his hips and pain in his back, so an ambulance was called for him. So—They weren't my handcuffs that were on him, so I went to switch those out. Once I went to double lock the handcuffs so they wouldn't tighten up on him when he moved, he mumbled something that he was special forces and then he lunged towards me.

A struggle ensued, and McPherson was eventually restrained after the officers used a stun gun on him.

Monney stated he was injured in the struggle. Describing a photograph of a bruise on his arm, Monney said: "That's my left forearm where [McPherson] had taken the handcuffs and tried to rake them or grab my arm. I'm not sure what he was doing, but that's what caused the injury." He said that the injury caused him pain. On cross-examination, Monney said the bruise was caused when McPherson "lunged towards me like this (indicating) onto my arm and I felt it was an attempt to either break free or get away." He testified that McPherson's hands and the handcuffs came in contact with his left arm.

On appeal, McPherson agrees Monney's testimony would support his conviction for assault on a peace officer. But, he argues, Monney's testimony is directly contradicted by the video evidence. In his opinion, the video

> shows the altercation beginning not when McPherson "lunged" at Special Agent Monney, or in any other way attacked him or came into physical contact with him. Rather, the video shows that McPherson moved in a way that could perhaps best be described as flinching, or seizing, or clapping one time. And immediately thereafter and obviously in response to this flinching movement by McPherson, Special Agent Monney applies force in order to restrain McPherson.

He further opines the video

> reveals that McPherson's action was not intended to "cause pain or injury to Todd Monney," or to "result in physical contact which was insulting or offens[ive] to Todd Monney," or to "place Todd Monney in fear of an immediate physical contact which would have been painful, injurious, insulting or offensive to him."

He argues that, upon a review of the video, "no rational trier of fact could find beyond a reasonable doubt that [McPherson's] movement satisfied any of the alternative means of satisfying the first essential element contained in [the jury instruction]." Therefore, he concludes his conviction for assault on a peace officer

is not supported by substantial evidence. We reject McPherson's claim of insufficient evidence

Having viewed the video recording of the incident, we disagree with McPherson's characterization of the video. In our eyes, the video is consistent with Monney's testimony. Viewing the evidence in the light most favorable to the verdict, we find the State produced substantial evidence from which a jury reasonably could conclude the State proved the assault beyond a reasonable doubt. Accordingly, the ruling made by the jury on the field stands.

**III. Weight of the Evidence.** McPherson also contends the district court abused its discretion in denying his motion for new trial. We employ an abuse-of-discretion standard when considering the district court's ruling on a motion for new trial based on the weight of the evidence. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). An abuse of discretion occurs only where the grounds for the district court's decision are clearly untenable or unreasonable. *See State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). On a claim challenging the weight of the evidence, we must grant a new trial if the jury's verdict is contrary to law or evidence. *See* Iowa R. Crim. P. 2.24(2)(b)(6). A verdict is contrary to evidence when it is against the greater weight of the evidence presented at trial. *See State v. Taylor*, 689 N.W.2d 116, 133-34 (Iowa 2004). Unlike the sufficiency standard, where the district court must approach the evidence from a standpoint most favorable to the State and assume the truth of the prosecution's case, the weight-of-the-evidence standard allows the court to balance the evidence and consider the credibility of witnesses. *See id.* at 134. In deciding whether to grant a new trial on this ground, the district court enjoys wide discretion, but it must exercise that

discretion carefully and sparingly. *See id.* When deciding a new-trial motion, it is important not to lessen the role of the jury as the principal trier of fact. *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998).

On appeal, McPherson argues "the overwhelming weight of the evidence—in particular, the video of the alleged assault—shows that McPherson did not assault Agent Monney." Again, we disagree with McPherson's characterization of the video. Furthermore, the record reveals the witness testimony was not so lacking in credibility that it could not support a guilty verdict. For the same reasons that we conclude there is sufficient evidence to support the jury's verdict, we cannot on this record find that the evidence preponderates heavily against the jury's findings that McPherson assaulted Special Agent Monney. Here, the district court aptly decided the verdict did not weigh heavily against the credible evidence, so we find no abuse of discretion in the district court's denial of a new trial.

**IV. Conclusion.** Because we conclude the record contains sufficient evidence to support a guilty verdict and the district court did not abuse its discretion in ruling that the guilty verdict was not contrary to the weight of the evidence, we affirm the judgment and sentence of the district court.

**AFFIRMED.**