# IN THE COURT OF APPEALS OF IOWA

No. 18-0366
Filed December 19, 2018

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**NOAH ANTHONY MOORE,**
　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Myron L. Gookin, Judge.

The defendant appeals his conviction for delivery of methamphetamine. **AFFIRMED.**

R.E. Breckenridge of Breckenridge Law PC, Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Kyle Hanson and Tyler J. Buller, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

Following a jury trial, Noah Moore was convicted of delivery of methamphetamine, five grams or less, in violation of Iowa Code section 124.401(1)(c)(6) (2016), and sentenced to fifteen years in prison as a habitual offender. On appeal, Moore contends the district court failed to properly consider his motion for new trial, which asserted, as relevant here, the verdict was contrary to the weight of the evidence. Moore concedes the district court applied the correct legal standard in ruling on the motion, he just disagrees with the decision.

The appeal is without merit. Our review is not whether the verdict is contrary to the weight of the evidence but only whether the district court abused its considerable discretion in denying the motion. *See State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) ("We review a trial court's ruling on a motion for new trial for an abuse of discretion."); *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003) ("[A]ppellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence."); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (stating the correct standard is whether the verdict is "contrary to the weight of the evidence"). We find no abuse of discretion in the district court's thorough and considered ruling. To the extent the defendant raises a separate claim regarding his Fifth Amendment rights, we conclude the claim is without merit.

**AFFIRMED.**