# IN THE COURT OF APPEALS OF IOWA

No. 18-0167
Filed March 6, 2019

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**ROGER PAUL LUSTGRAAF,**
 Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

Roger Lustgraaf appeals his conviction of two counts of sexual abuse in the second degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Following a jury trial, Roger Lustgraaf was convicted of two counts of sexual abuse in the second degree, in violation of Iowa Code sections 709.1(3) and 709.3(2) (1999). Although the offense conduct occurred long ago, Lustgraf was only recently charged and convicted. Lustgraaf raises two claims in this direct appeal.

Lustgraaf first contends the jury's verdict was contrary to the weight of the evidence and the district court abused its discretion in denying his motion for new trial on that ground. On review for the abuse of discretion, we find none. *See State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006) (stating review of a ruling on motion for new trial is for abuse of discretion); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (setting forth the legal standard for ruling on motion for new trial). The district court applied the correct legal standard, and its analysis was not clearly unreasonable.

Lustgraaf next contends his counsel was ineffective in failing to object to a jury instruction on the ground the instruction was an incorrect statement of law and infringed his right against self-incrimination. Specifically, instruction fourteen provided: "Evidence has been offered to show that the defendant made statements at an earlier time and place. If you find any of the statements were made, then you may consider them as part of the evidence, just as if they had been made at this trial." The argument is without merit. This court has repeatedly rejected the same challenge to the same instruction. *See State v. Garcia*, No. 17-0111, 2018 WL 3913668, at *4 (Iowa Ct. App. Aug. 15, 2018); *State v. Yenger*, No. 17-0592, 2018 WL 3060251, at *4-5 (Iowa Ct. App. June 20, 2018), *further review*

*denied* (Sept. 13, 2018); *State v. Hayes*, No. 17-0563, 2018 WL 2722782, at *5 (Iowa Ct. App. June 6, 2018), *further review denied* (Aug. 3, 2018); *State v. Payne*, No. 16-1672, 2018 WL 1182624, at *9 (Iowa Ct. App. Mar. 7, 2018), *further review denied* (July 23, 2018); *State v. Wynn*, No. 16-2150, 2018 WL 769272, at *2-3 (Iowa Ct. App. Feb. 7, 2018), *further review denied* (Apr. 4, 2018); *State v. Wineinger*, No. 16-1471, 2017 WL 6027727, at *3 (Iowa Ct. App. Nov. 22, 2017); *State v. Tucker*, No. 13-1790, 2015 WL 405970, at *3 (Iowa Ct. App. Jan. 28, 2015). We see no reason to revisit the issue.

**AFFIRMED.**