# IN THE COURT OF APPEALS OF IOWA

No. 18-1168
Filed April 17, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KENNETH WAYNE TURNER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Appanoose County, Joel D. Yates,
Judge.


        Kenneth Turner appeals his conviction of failure to comply with the Iowa
Sex Offender Registry. **AFFIRMED.**


        R.E. Breckenridge of Breckenridge Law P.C., Ottumwa, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.


        Considered by Vogel, C.J., Vaitheswaran, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Chief Judge.**

Kenneth Turner was found guilty of failure to comply with the Iowa Sex Offender Registry requirements, in violation of Iowa Code sections 692A.111 and 692A.104 (2017).  He now appeals his conviction, arguing the district court erred in denying his motion for new trial.

As a sex offender, Turner was required to periodically update his sex offender registration.[1]  *See* Iowa Code § 692A.104(3) ("A sex offender shall, within five business days of a change in relevant information, . . . notify the sheriff . . . about the change to the relevant information.").  While updating his registration in January 2017, he failed to remove an inactive cell phone number and register his new cell phone number.  Several months later, in July 2017, Turner was charged with failure to comply with the Iowa Sex Offender Registry based on his failure to notify the Davis County Sheriff's Department of a change in relevant information within five business days.  *See id.*  He stipulated to having been previously convicted of a sex offense, and trial commenced on May 1, 2018.  The jury returned a guilty verdict.  Turner filed a motion for new trial arguing the verdict was contrary to the law and the evidence.[2]  The court held:

---

[1] Our supreme court recently upheld the reporting requirement that requires sex offenders to provide and update all "relevant information" for the sex offender registry, including "Internet identifiers."  *See State v. Aschbrenner*, ___ N.W.2d ___, ___, 2019 WL 1497009, at *9–11 (Iowa 2019).  The court found the reporting statute was content-neutral and noted the Internet identifier "requirement minimizes any chilling effect on [the sex offender's] ability to speak anonymously."  *Id.* at *11.

[2] Turner also filed a motion in arrest of judgment arguing the evidence was insufficient to support the conviction.  On appeal, Turner briefly asserts the court erred in denying his motion in arrest of judgment.  However, we decline to address this argument because "a motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict."  *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

> For each and every reason stated by the State, the Court is going to deny both of the Motions. In short, the Court, having sat through the trial, finds there was sufficient evidence to support the verdict reached by the jurors in this matter, and there was no concrete or specific error of law that has been [cited] to the Court, and so both the Motion for New Trial and Motion in Arrest of Judgment are hereby denied.

Turner now appeals.

"Trial courts have wide discretion in deciding motions for new trial." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). In a motion for new trial, the district court may weigh the evidence and consider the credibility of the witnesses. *Id.* at 658. "If the court determines the verdict is contrary to the weight of the evidence and a miscarriage of justice may have occurred, it is within the court's discretion to grant a new trial." *State v. Maxwell*, 743 N.W.2d 185, 192 (Iowa 2008). "Only in the extraordinary case, where the evidence preponderates heavily against the verdict, should a district court lessen the jury's role as the primary trier of fact and invoke its power to grant a new trial." *Id.* at 193. We review a ruling on a motion for new trial for abuse of discretion. *State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018).

In asserting the district court erred in denying his motion for new trial, Turner asserts, "The summary nature of the trial court's ruling makes it impossible to know if the trial court applied the proper standard." Turner then claims the many lapses in the evidence prove the motion for a new trial should have been granted.

At trial, in response to Turner's motions, the State argued, "[T]he verdict was neither contrary to the law nor to the evidence that was submitted, and . . . no error of law occurred in [the] jury trial so as to warrant a new trial." The State then

pointed to evidence in the record to support its assertion, including testimony that showed Turner "actively participated in Sex Offender Registry updates" and he reviewed these updates for any errors to ensure accuracy. The State also noted the Sex Offender Registry rules are clear and Turner verified he had a copy of said rules each time he signed off on the updates. The court ultimately denied Turner's motions "[f]or each and every reason stated by the State." Because the court referred back to the State's reasons as well as providing its own reasoning, as noted above, we find the "summary nature" of the court's ruling was not lacking so as to conclude the court abused its discretion in its denial of the motion for new trial. *See Maxwell*, 743 N.W.2d at 193 (holding "the district court must have found the jury's guilty verdict was not contrary to the weight of the evidence," because "[a]lthough the State did not file a written resistance to the motion [for new trial], the issue of whether the verdict was contrary to the weight of the evidence was the only issue the court needed to decide to determine whether [the defendant] was entitled to a new trial").

Turner more specifically claims the court should have judged whether he was adequately informed of his requirements under the applicable law and should have found the sheriff's administrative assistant's testimony was not credible. The administrative assistant testified she asked Turner in January 2017 about any changes he needed to report and stated, "He always reviews everything before he leaves the office." In a May 12, 2017 conversation with a deputy, Turner admitted his previous cell phone number had been inactive for about six months and he had not updated his sex offender registration. Considering the entire record, including

Turner's own admission, we find no abuse of the district court's discretion in denying the motion for new trial.  *See id.*

**AFFIRMED.**