# IN THE COURT OF APPEALS OF IOWA

No. 18-0949
Filed December 18, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GARY DEAN TERRY, JR.,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Gary Dean Terry appeals his judgment and sentence for domestic abuse assault with intent to inflict serious injury. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Gary Dean Terry appeals his judgment and sentence for domestic abuse assault with intent to inflict serious injury. *See* Iowa Code § 708.2A(2)(c) (2017). He contends (1) the evidence was insufficient to support the jury's finding of guilt and (2) his trial attorney was ineffective in failing to move for new trial on the ground the finding was against the weight of the evidence.

The jury was instructed the State would have to prove the following elements of domestic abuse assault with intent to inflict serious injury:

1. On or about August 8, 2017, the defendant did an act which was meant to do one or more of the following:
   A. cause pain or injury to [his wife], or
   B. result in physical contact to [his wife] which was insulting or offensive, or
   C. place [his wife] in fear of immediate physical contact which would have been painful, injurious, insulting, or offensive to [her].
2. The defendant had the apparent ability to do the act.
3. At that time the defendant intended to cause a serious bodily injury to [his wife],
4. At that time [she] was the defendant's spouse.

Terry challenges the evidence supporting his intent to injure his wife or inflict serious injury. The State preliminarily responds with an error-preservation concern.

Generally, to preserve error on a challenge to the sufficiency of the evidence, a defendant's attorney must "identify specific elements of the charge not supported by the evidence." *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019). We recognize an exception where the challenged element is "obvious and understood" by the district court and counsel. *Id.*

This case falls within the exception. *See State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005). Although Terry did not identify the elements he believed were unproved, the district court articulated the fighting issue as intent. The court stated:

> Viewing the evidence in the light most favorable to the State, there has been evidence of an assault, and that there was a domestic relationship. As far as whether or not it was done with the intent to inflict a serious injury, the Court also finds that there is a jury question presented, viewing the evidence in the light most favorable to the state. There was evidence of a balled-up fist struck her in the face with significant force resulting in significant injury, that she was lying down, basically defenseless position and he was above her, so all those things, if the jury finds them credible, could support the—that element. So the motion will be denied.

Because the basis for the motion was clear, we conclude error was preserved, and we proceed to the merits.

A juror could have found the following facts. Terry's wife testified Terry was "angry for weeks about miscellaneous stuff." When she returned from work he was "screaming" and "yelling" and "threw his beer at" her. He insisted on having her take him out drinking and continued to argue with her throughout the evening. On their return home, Terry's wife got ready for bed. Terry came into the bedroom and called his wife "a liar." "Next thing" she knew, he had "his fist doubled up and coming down at" her. Terry hit his wife in the forehead and she "saw stars and started crying and holding [her] head." She could "feel a great big lump forming on [her] forehead." Terry left the room but returned and told his wife if she did not "stop crying . . . he would punch [her] in [her] teeth and cut [her] tongue out." In time, Terry's wife got up and put an ice pack on her face. Terry looked at her "and kind of chuckled." He said, "[Y]eah, I probably broke my hand and you got two black eyes." The following morning, Terry told his wife to stay home from work

because she could not see out of her eye. He said she "look[ed] like crap." Terry's wife took pictures of her face and sent them to her computer at work. The photos were admitted without objection and disclosed bruising under her eyes.

The wife's version of events was corroborated by a coworker who testified he called police after seeing she "had been bruised up in the face." A deputy sheriff interviewed Terry's wife. He characterized her as "very bruised up," "[s]haken," and "emotionally, scared."

Terry cites discrepancies in his wife's testimony, such as her statement to a physician that the injuries resulted from her "son's horse butt[ing] heads with" her. Terry's wife countered by explaining she "was kind of scared to tell them the truth" because she did not "know what would happen." A reasonable juror could have credited her explanation. *See William*s, 695 N.W.2d at 28 ("[I]t is for the jury to judge the credibility of the witnesses and weigh the evidence." (citation omitted)).

A reasonable juror also could have given credence to her testimony in light of Terry's admissions to key portions of the altercation. He testified to his belief that "there was something going on between [his wife] and" a man for whom they worked, and he said he gave his wife an ultimatum to stop working for him. He acknowledged he was "upset at the fact that she wouldn't text [the man] to tell him she wasn't working there anymore" and, in the course of their argument, he "swung [his] arm around and . . . caught her . . . on her right eye . . . with the side of [his] hand and right behind [his] wrist." Although Terry characterized the incident as "accident[al]," a juror could have found otherwise, based on his stated mindset. *See id.* ("Any inconsistencies in the testimony of a defense witness are for the

jury's consideration, and do not justify a court's usurpation of the factfinding function of the jury." (citation omitted)).

A reasonable juror could have found Terry committed an act that was meant to cause pain or injury and he intended to cause a serious bodily injury. The jury's finding of guilt was supported by substantial evidence. *See State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).

Terry also argues the finding of guilt "was contrary to the weight of the evidence and trial counsel was ineffective by failing to file a motion for new trial on that basis." We may consider the claim because recent legislation eliminating the ability to pursue ineffective-assistance-of-counsel claims on direct appeal does not apply retroactively. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019) ("We conclude the absence of retroactivity language in sections 814.6 and 814.7 means those provisions apply only prospectively and do not apply to cases pending on July 1, 2019."). We find the record adequate to address the issue. *See State v. Kirk*, No. 10-0931, 2011 WL 5394270, at *2 (Iowa Ct. App. Nov. 9, 2011).

Terry hinges his argument on inconsistencies in his wife's testimony. He asserts "[t]his is a classic he said, she said case" in which his testimony "is more consistent and much more thorough."

Had the district court been faced with a weight-of-the-evidence challenge, the court would have been obligated to heed the supreme court's admonition to exercise its discretion "carefully and sparingly" so as not to "lessen the role of the jury as the principal trier of the facts." *See State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1988). On our de novo review of the record, we conclude there is no reasonable probability the district court would have granted a new trial motion

asserting the jury's finding of guilt was contrary to the weight of the evidence.  *See State v. Neitzel*, 801 N.W.2d 612, 626 (Iowa Ct. App. 2011).  Because Terry cannot establish *Strickland* prejudice, his ineffective-assistance-of-counsel claim fails. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

**AFFIRMED.**