# IN THE COURT OF APPEALS OF IOWA

No. 19-1141
Filed November 30, 2020

**TERRACE PERKINS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

Terrace Perkins appeals the denial of his application for postconviction relief. **AFFIRMED.**

Thomas Hurd of Law Office of Thomas Hurd PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Doyle, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order under Iowa Code section 602.9206 (2020).

**DOYLE, Presiding Judge.**

Terrace Perkins appeals the denial of his application for postconviction relief (PCR). On appeal, he argues his trial counsel provided ineffective assistance in orally arguing an erroneous sufficiency-of-the-evidence standard instead of the appropriate weight-of-the-evidence standard in support of Perkins's motion for new trial. In denying the application, the PCR court held that Perkins failed to prove both the breach of duty and prejudice elements. We agree and affirm the PCR court.

## I.    Background Facts and Proceedings.

A jury found Perkins guilty of robbery in the first degree and willful injury causing serious injury. The details of the offenses and criminal trial are set out in *State v. Perkins*, No. 15-0590, 2016 WL 1681348, at *2-4 (Iowa Ct. App. April 27, 2016), and need not be repeated here. After this court affirmed his convictions, *id.* at *7-8, Perkins filed a PCR application raising many allegations of ineffective assistance of counsel. He raises only one issue on appeal.

## II.    Standard of Review.

We review claims of ineffective assistance of counsel de novo. *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

## III.    Analysis.

Perkins maintained at the PCR trial that his trial attorney provided ineffective assistance in urging or arguing an erroneous sufficiency-of-the-evidence standard instead of the appropriate weight-of-the-evidence standard in support of Perkins's motion for new trial. Perkins specifically asserted that if the correct standard had

been so argued, the victim's testimony would have been viewed as less trustworthy and a new trial would have been granted. Thus, he argues, he was prejudiced.

To establish his Ineffective-assistance-of-counsel claim Perkins must show both (1) his trial counsel failed to perform an essential duty, and (2) this failure caused prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To prove that his attorney's error caused prejudice, he must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *see Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001).

The contrary-to-the-evidence legal standard for deciding whether a new trial is warranted is set forth in *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998), which held that "contrary to the evidence," as grounds for motion for new trial, means contrary to the weight of the evidence, rather than not supported by sufficient evidence. "Unlike the sufficiency-of-the-evidence analysis, the weight-of-the-evidence analysis is much broader in that it involves questions of credibility and refers to a determination that more credible evidence supports one side than the other." *State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006).

The PCR court noted that Perkins's attorney did not clearly articulate the applicable legal standard at the post-trial hearing:

> The court first notes that the transcript of the hearing on this motion reflects that [trial counsel] did not clearly articulate the legal standard he was arguing in regards to [Perkins]'s motion in arrest of judgment or for a new trial, and that at one point in the argument he specifically made reference to the insufficiency of the evidence as to the verdicts, and as to the motions for directed verdicts that had been urged at trial on both counts.

Perkins is attracted to this note like a shark to blood in the water.  Even so, his reaction is milk toast.  He says the PCR court "*appears* to have found counsel failed to correctly argue the weight of the evidence standard in its decision." (Emphasis added.)  And then, "this case turns on prejudice, not whether counsel argued the incorrect standard."

Of course there is more to the story than just trial counsel's alleged misstep at the motion hearing.  Perkins's written motion for new trial references Iowa Rule of Criminal Procedure 2.24.  The rule includes the correct standard: "The court may grant a new trial for any or all of the following causes: . . . [w]hen the verdict is contrary to law or evidence."  Iowa R. Crim. P. 2.24(2)(b)(6).  The body of the written motion for new trial states, in part, "The verdicts of the jury are contrary to, and not supported by the evidence, which is insufficient to prove that the defendant is guilty of either count."  And also, "The verdicts of the jury are contrary to, and not supported by, the evidence in that the State failed to prove beyond a reasonable doubt that the defendant participated in these two offenses."  "Contrary to the evidence" is the equivalent to contrary to the weight of evidence.  *Ellis*, 578 N.W.2d at 659.  The trial court noted it had the written motion and had reviewed it. Counsel also argued orally to the trial court that:

> the verdicts are contrary and not supported by the evidence, that they are not supported—number eight [paragraph eight of the motion] is that they are contrary to and not supported by the evidence specifically, because we don't believe the evidence was sufficient to prove the defendant is guilty of either count—insufficient evidence.
> Number nine [paragraph nine of the motion] is they are not supported by the evidence in that we believe the State failed to prove beyond a reasonable doubt that the defendant participated in these two offenses.

Perkins's argument, anchored to the PCR court's comment that Perkins's trial attorney failed to clearly articulate the proper standard at oral argument, is much ado about something inconsequential. Although trial counsel may not have been as artful as Clarence Darrow in this one instance, in looking at the whole record, we cannot conclude Perkins's trial attorney's breached a duty.

In any event, Perkins has not shown he was prejudiced by trial counsel's alleged unartful oral argument. What counts is the standard the court applied in denying the motion for new trial, not what the attorney orally advanced at the hearing. And there is nothing in the record showing the trial court applied the wrong standard in denying the motion for new trial. The PCR court assessed the trial record as a whole and concluded the evidence "amply" satisfied the weight-of-the-evidence standard. We are mindful that the PCR judge had a unique perspective as he was also the judge that presided over the criminal trial. The PCR court determined:

> In assessing the trial record as a whole the court concludes that the evidence amply satisfied the weight of the evidence standard established in *State v. Ellis*, 578 N.W.2d 655, 658 (Iowa 1998), and that there is no merit to the [Perkins]'s contention that the disposition of the new trial motion would have been any different if [the trial attorney] had specifically articulated the weight of the evidence standard in support of his argument on that motion.

In denying the motion for new trial, the court reiterated that it had "thoroughly" reviewed the motion and found no valid grounds were urged in support of the motion. Upon our de novo review of the record, we have no disagreement with the PCR court's conclusion. So we affirm the PCR court's denial of Perkins's PCR application.

**AFFIRMED.**