# IN THE COURT OF APPEALS OF IOWA

No. 17-2007
Filed January 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DONOVAN MASON EDWARDS,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee II,
District Associate Judge.

        Donovan Edwards appeals his criminal conviction following the denial of his
motion for a new trial. **AFFIRMED.**

        Eric Eshelman, Ankeny, for appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney
General, for appellee.

        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Following a jury trial, Donovan Edwards was convicted of operating while intoxicated, third offense. Edwards moved for a new trial, arguing the verdict is contrary to the weight of the evidence. After reviewing the record, the district court denied the motion.

Edwards appeals, contending the district court abused its discretion in denying his motion for a new trial because the jury verdict was contrary to the weight of the evidence. We review the district court's denial of a motion for a new trial on weight-of-the-evidence grounds for an abuse of discretion. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013). An abuse of discretion will only be found where "the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). Where a claim is made that the verdict is contrary to the weight of the evidence, "the verdict may be set aside and a new trial granted" if "the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010) (quoting *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998)). "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *Ellis*, 578 N.W.2d at 658).

The jury was instructed the State was required to prove the following elements: (1) Edwards operated a motor vehicle and (2) he was under the influence of alcohol at the time. On appeal, Edwards only challenges the weight

of the evidence in relation to the first element, that he operated the motor vehicle in question.

The trial evidence includes the following. On March 25, 2017, three witnesses outside of a bar—Nicole, Elizabeth, and Mike—observed a white truck collide with another vehicle in the bar's parking lot. The white truck began to back up as if it was going to leave the scene, so Mike yelled at the person in the truck. All three witnesses testified Edwards was driving the white truck when it collided with the other vehicle. They also testified Edwards emerged from the truck and advised the vehicle he ran into belonged to a friend of his who would not care about the damage. Ultimately, a verbal altercation ensued between Mike and Edwards. Nicole called the police, who arrived on the scene shortly thereafter.

Mike, Nicole, and Elizabeth testified Edwards was driving the white truck, they did not observe anyone else in the truck, and they did not see anyone else exit it after Edwards got out. Mike and Elizabeth added there was nothing to obstruct their view of who was driving the white truck. Elizabeth specifically testified she could see inside the white truck when it collided with the other vehicle, and Edwards was the sole occupant. Nicole testified she was under the influence of alcohol but was not intoxicated to the point that she could not comprehend what was going on at the time of these events, or recall them at the time of trial. Mike testified he had consumed alcohol but he was not intoxicated or otherwise impaired. Elizabeth also consumed alcohol the night in question but testified she was not impaired. All three witnesses testified they did not know Edwards beforehand and did not see him inside the bar before the collision.

Officer McVey was one of the officers dispatched to the scene.[1] Upon his arrival, he made contact with Edwards, who was exiting the white truck. Edwards reported to McVey that his girlfriend, Chanel Wilson, was the one driving the truck and she fled the scene on foot. Edwards was unable to provide McVey with any contact information for Wilson, advising she got a new cell phone that same day and she is a meth addict so she probably could not be found. Edwards explained the witnesses were just "trying to start shit." On cross-examination at trial, McVey conceded he never observed Edwards operate the motor vehicle, obviously because the police were not called until after the collision. The video footage admitted into evidence at trial depicts Edwards as belligerent and highly intoxicated.

A defense witness, Natalie, testified she, at some point in the evening, observed a female exit a white truck that was "parked oddly close and kind of diagonal to the front door" in the bar's parking lot. She then observed Edwards get out and get in the driver's side of the truck. Natalie testified on cross-examination she was not entirely sure if the female was ever in the white truck. She then observed someone approach Edwards and begin arguing with him, upon which she went back inside the bar. She testified she did not observe the collision. She also testified her view of the white truck was obstructed and defense counsel's relation of the facts to her prior to trial "jogged [her] memory as to what happened because [she] forgot all about it."

---

[1] Video footage from McVey's body camera was admitted as evidence at trial.

Edwards testified on his own behalf. He testified he had been working all day and in the evening he and Wilson decided to go to the bar. He had Wilson drive because he had already consumed alcohol and had taken muscle relaxers. Edwards testified while in the bar, Mike continuously directed derogatory comments toward Edwards and Wilson. Edwards and Wilson decided to leave, and Edwards directed Wilson, "pull the truck around, I'll be right out." After paying his tab, Edwards went to the parking lot and observed Wilson "up by the street running" and his truck just "sitting there." Edwards began to approach the truck, but then heard Mike yelling at him to not leave the scene. After an exchange of words with Mike, Edwards returned to his truck and took the key out of the ignition. He then got in the truck, noticed the arrival of police, and exited the truck. Edwards testified he did not call Wilson to testify because she is a meth addict and schizophrenic.

Upon our review and weighing of the evidence, we find the district court did not abuse its discretion in denying the motion for a new trial because the verdict was not contrary to the weight of the evidence; simply stated, this is not the rare case in which the verdict runs contrary to the weight of the evidence. *See State v. Benson*, 919 N.W.2d 237, 243 (Iowa 2018).[2] The testimony provided by the State's witnesses was consistent, credible, and supportive of the verdict. Natalie's testimony was largely inconsistent and her credibility was undercut by her concession that her memory of the facts was jogged by her discussion with defense counsel prior to trial. Edwards's credibility was also undercut by his clear

---

[2] We have limited our review to the issue as framed by Edwards.

motivation to be acquitted in these proceedings. Furthermore, on cross-examination of the State's witnesses, Edwards attempted to paint the witnesses as intoxicated at the time of these events and therefore not credible. The video footage admitted into evidence shows the State's witnesses to be calm and coherent. In contrast, the footage depicts Edwards to be highly intoxicated and belligerent. This, coupled with Edwards's testimony that he mixed alcohol with muscle relaxers, supports a conclusion that if anyone's ability to recollect the facts was affected by an impairment at the time of these events, it was Edwards's.

We are unable to say the evidence preponderates heavily against the jury's finding of guilt. We therefore conclude the district court did not abuse its discretion in denying Edwards's motion for a new trial on weight-of-the-evidence grounds. We affirm Edwards's conviction.

**AFFIRMED.**