# IN THE COURT OF APPEALS OF IOWA

No. 18-0368
Filed January 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASIAH THANE FINCK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.


        Jasiah Finck appeals the denial of his motion for a new trial.  **AFFIRMED.**



        Patrick W. O'Bryan, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney

General, for appellee.



        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

The evidence presented at trial establishes the following. Timothy Bryan is a business owner. At the time of these events, Bryan owned a trailer he used for the business, which he stored adjacent to the alley running behind the building in which his business is located. Bryan maintains a motion-activated surveillance camera in this area. The footage[1] captured by the camera shows that at approximately 1:06 a.m. on July 3, 2017, Jasiah Finck[2] backed his Jeep Wrangler into the area where Bryan stored his trailer. Just before 1:10 a.m., Finck walked toward the alley from the area where the trailer was parked. Just before 1:16 a.m., Finck returned to the area where he backed the Jeep into, making eye contact with the surveillance camera while doing so. More than two hours later, at 3:25 a.m., an unobservable person walked underneath the camera and spray painted over its lens from below. Bryan testified, had Finck left the area in his Jeep between the time he arrived and the time the camera was painted, the surveillance camera would have recorded it.

When Bryan arrived at work later that morning, he noticed his trailer was missing. Bryan went inside to view his surveillance footage and noticed the lens on the camera in the rear of the building had been spray painted. Bryan proceeded to review the recording from the camera, after which he provided the footage to law enforcement and posted it on social media. Finck's father, Kirk, testified at trial that on the morning of July 3, friends and another of Kirk's children advised him of the video on social media and of Finck's potential involvement. Kirk viewed the

---

[1] The footage was admitted as evidence at trial and was played for the jury several times.
[2] The evidence was undisputed that Finck is the person depicted in the video.

videos, identified Finck as the individual depicted in them, and called Bryan and law enforcement to "help resolve the issue." The trailer has never been located.

Finck was ultimately charged by trial information with theft in the second degree. A jury found him guilty as charged. Finck filed a motion for a new trial, arguing "there was insufficient evidence to convict."[3] The district court considered the motion as a weight-of-the-evidence challenge and rejected it. Finck appeals that ruling. On appeal, he implies a greater amount of credible evidence supports a conclusion that he was not the perpetrator of the crime.

We review the district court's denial of a motion for a new trial on weight-of-the-evidence grounds for an abuse of discretion, our most deferential standard of review. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013); *see also State v. Roby*, 897 N.W.2d 127, 137 (Iowa 2017). An abuse of discretion will only be found where "the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). Where a claim is made that the verdict is contrary to the weight of the evidence, "the verdict may be set aside and a new trial granted" if "the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted." *State v. Serrato*,

---

[3] In the district court and on appeal, Finck frames his argument as a mixture of the sufficiency and weight of the evidence. Because these are two different standards, *see State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998), and Finck is appealing the denial of his motion for a new trial, rather than the court's denial of his motion for judgment of acquittal, we only consider his argument under a weight-of-the-evidence rubric. *Compare* Iowa R. Crim. P. 2.24(2)(b)(6) (allowing court to grant new trial when the "verdict is contrary to . . . evidence"); *Ellis*, 578 N.W.2d at 659 (noting "contrary to . . . the evidence" means "contrary to the weight of the evidence"), *with* Iowa R. Crim. P. 2.19(8)(a) (allowing court to grant a motion for judgment of acquittal "after the evidence on either side is closed if the evidence is insufficient to sustain a conviction").

787 N.W.2d 462, 472 (Iowa 2010) (quoting *Ellis*, 578 N.W.2d at 658–59). "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *Ellis*, 578 N.W.2d at 658).

Notably, our review is limited to "the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Neiderbach*, 837 N.W.2d at 211 (quoting *Reeves*, 670 N.W.2d at 203). Upon our review of the evidence, we are unable to say the district court abused its discretion in denying Finck's new-trial motion upon its conclusion that the evidence did not preponderate heavily against the verdict. The court expressly concluded a greater amount of evidence supported the State's theory of the case. Although the State's case was partially circumstantial, the jury was expressly instructed the "law makes no distinction between the weight you may give to either direct or circumstantial evidence." *See State v. Tyler*, 873 N.W.2d 741, 752 n.8 (Iowa 2016) (noting "instructions, if not objected to, become the law of the case"). Finding no abuse of discretion, we affirm the district court's denial of Finck's motion for a new trial.

**AFFIRMED.**