# IN THE COURT OF APPEALS OF IOWA

No. 18-0387
Filed October 23, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ARRON OZZY JOSPEH THOMPSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

A defendant appeals his two burglary convictions. **AFFIRMED.**

Christine E. Branstad and Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Tabor, JJ.

**TABOR, Judge.**

Arron Thompson appeals his convictions for burglary in the third degree and burglary in the first degree. He contends the State failed to offer sufficient evidence to support his convictions and the district court erred in not granting his motion for judgment of acquittal. Thompson also contends the district court abused its discretion in denying his motion for new trial. Finding the State offered substantial evidence of the two burglaries and the jury verdicts were not contrary to the weight of the evidence, we affirm those convictions.

**I. Facts and Prior Proceedings**

On October 19, 2016, a Des Moines family returned home around 10:30 p.m. to find many things out of place. Still, they decided to retire for the evening. The following morning, the father discovered his Toyota Tacoma was missing from the driveway and his daughter's purse was gone from the house. The family then called the police.

The father asked the bank not to cancel the debit card that was in his daughter's purse and to notify him if anyone used the card. The bank later reported the debit card was being used at an EZ Mart in Bondurant. The father went to the store and saw Thompson, whom he recognized as a neighbor who recently borrowed a carjack. The father contacted police and later identified Thompson in a photo line-up. Thompson had used the debit card six times.

On October 30, 2016 the family met with police about the October 19 incident. Upon returning home, the mother and daughter encountered Thompson standing in their kitchen armed with a gun. The father heard a scream and headed to the back of the house where he saw a man fleeing. Three days later both the

mother and daughter separately identified Thompson in a police photo line-up as the man they saw in their home with the firearm.

As a result these events, the State charged Thompson with two counts of burglary and six counts of credit card fraud. Thompson testified in his own defense, telling the jury he "came across the purse in the alley behind our houses." Thompson stipulated to using the daughter's debit card he found inside the purse. On cross examination, Thompson identified his voice on a tape recording from the jail in which he admitted entering the residence: "there was nobody in there when I went in there, nothing like that." Thompson also said on the recording he thought the house looked "abandoned."

The jury convicted Thompson on all eight counts. Thompson now appeals the burglary convictions.

## II. Analysis

### A. Motion for Judgment of Acquittal

Thompson challenges the sufficiency of the State's evidence for both burglary counts. For the third-degree burglary count, the State had to prove these elements:

> 1. On or about October 19, 2016, the defendant broke into or entered the residence . . . in Des Moines, Iowa.
> 2. The residence . . . was an occupied structure . . . .
> 3. The defendant did not have permission or authority to break into or enter the residence . . . .
> 4. The defendant did so with the specific intent to commit a theft.

For the first-degree burglary count, the State had to prove these elements:

> 1. On or about October 30, 2016, the defendant broke into or entered the residence . . . in Des Moines, Iowa.
> 2. The residence . . . was an occupied structure . . . .

        3. The defendant did not have permission or authority to break into or enter the residence . . . .
        4. The defendant did so with the specific intent to commit a theft or assault.
        5. The defendant broke into or entered the residence . . . while in possession of a dangerous weapon.

But before reaching the merits of Thompson's sufficiency-of-the-evidence challenge, we address the State's preservation-of-error argument. On the third-degree burglary conviction, the State argues Thompson failed to preserve his argument on the fourth element—the specific intent to commit theft. On the first-degree burglary conviction, the State argues Thompson failed to preserve error on both the first element of breaking or entering and the fourth element of specific intent to commit theft or assault.

"To preserve error on a claim of insufficient evidence for appellate review in a criminal case, the defendant must make a motion for judgment of acquittal at trial that identifies the specific grounds raised on appeal." *State v. Truesdell*, 679 N.W.2d 611, 615 (Iowa 2004).

Thompson's trial counsel moved for judgment of acquittal on both counts of burglary as follows:

> Specifically regarding [the third-degree burglary] count, there has not been evidence presented directly linking Mr. Thompson to the break-in of the [family's] home on the 19th, merely that he possessed one of the fruits of that break-in after the fact.
> And then regarding burglary first, simply that there's not sufficient agreed-upon evidence to find the defendant guilty, based on the case the defendant—the State has presented so far.

Defense counsel's general motion for judgment of acquittal on the first-degree burglary count failed to identify any specific elements of the charge not supported by the evidence. As such, the motion did not preserve his appellate

argument.[1]  *See State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019).  On the third-degree burglary count, our review is limited to the breaking-or-entering element.

"We review challenges to the sufficiency of evidence for correction of errors at law."  *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017).  We will uphold a verdict of guilty if it is supported by substantial evidence.  *Id.*  Substantial evidence exists "when a rational trier of fact would be convinced the defendant is guilty beyond a reasonable doubt."  *Id.*  We view all relevant evidence in the light most favorable to the State.  *Id.*  Evidence is not substantial if it raises only suspicion, speculation, or conjecture.  *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016).

Thompson argues that the State did not provide sufficient evidence to prove he broke into or entered the victims' residence on October 19, 2016.  Thompson asserts the only incriminating evidence offered by the State was his possession of the debit card taken from the purse.  He argues that possession alone would not sustain a guilty verdict, "there must be evidence in the record relating to the surrounding circumstances for the jury to consider."  *See State v. Lewis*, 242 N.W.2d 711, 723 (Iowa 1976).  But here the record shows other evidence and sufficient surrounding circumstances for the jury to conclude beyond a reasonable doubt that Thompson entered the victims' residence on October 19.

Viewing the evidence in the light most favorable to the State, Thompson's possession of the stolen property, coupled with his own admission he was inside

---

[1] We do not address Thompson's alternative argument for ineffective assistance of counsel, claiming his trial council failed to make a specific enough motion for acquittal. That claim can be raised in a postconviction-relief proceeding.

the house (though claiming he thought it was abandoned) is sufficient to convince a rational juror beyond a reasonable doubt Thompson entered the residence.

On top of that, the State offered evidence Thompson came back a second time to the same residence. A reasonable jury could have viewed the second entry as corroborative of the first entry. *See State v. Thornton*, 498 N.W.2d 670, 673 (noting jurors are free to give proper weight to the evidence). The jail recording bolstered the State's proof of the first burglary. Thompson then used the stolen debit card found in the daughter's purse that was missing from the residence. Thompson argues his testimony about finding the stolen property in the alley contradicts the State's evidence. But the credibility of his testimony rested with the trier of fact, and a reasonable jury could have found his version unpersuasive. *See State v. Dudley*, 856 N.W.2d 668, 676–77 (Iowa 2014). The eyewitness testimony recalling Thompson's second entry supports a jury finding he entered the home the first time, stole the debit card, realized he benefited from the first entrance, and believed a second attempt could be profitable.

On this record, we decline to disturb the guilty verdicts.

### B. Motion for New Trial

Thompson further contends the district court abused its discretion in denying his motion for new trial, asserting the verdict is against the weight of the evidence. Iowa Rule Crim. P. 2.24(2)(b)(6); *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (stating contrary to the evidence means contrary to the weight of the evidence). In ruling on the motion for new trial, the district court stated, "Clearly there were disputes in the evidence, and it was for the jury to resolve those disputes. The court does not believe that in doing so by finding evidence of one

type that it necessarily ignored potentially more credible evidence of the other type."

"We accord the district court 'broad discretion in ruling on a motion for new trial.'" *State v. Neiderbach*, 837 N.W.2d 180, 211 (Iowa 2013) (quoting *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003)). "We reverse the district court only if it has abused its discretion." *Id.* "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203.

Thompson contends his admission to using the debit card six times lends credibility to his denial of entering the victims' home. The jury was entitled to reject that logic. The district court properly exercised its discretion in denying Thompson's motion for new trial.

### C. Conclusion

The district court properly denied Thompson's motion for judgment of acquittal for third-degree burglary. And Thompson did not preserve error on his challenge to the count of first-degree burglary. So that conviction too stays in place. Neither did the district court abuse its discretion in denying the motion for new trial. Upon consideration of the issues raised on appeal, we affirm Thompson's convictions.

**AFFIRMED.**