**IN THE COURT OF APPEALS OF IOWA**

No. 18-1984
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MAWEA RIAL KOAT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        Mawea Koat appeals following the denial of his motion for a new trial.
**AFFIRMED.**



        Ronald W. Kepford, Winterset, for appellant.

        Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant
Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., Doyle, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2020).

**MAHAN, Senior Judge.**

Following a jury trial, Mawea Koat was convicted of operating while intoxicated, third offense.[1]  Koat moved for a new trial, arguing the verdict was contrary to the weight of the evidence.  After reviewing the record, the district court denied the motion.  Koat appeals, contending the district court abused its discretion in denying his motion for a new trial because the jury verdict was contrary to the weight of the evidence.  He also contends the court applied an incorrect standard in ruling on his motion.

We review the district court's denial of a motion for a new trial on weight-of-the-evidence grounds for an abuse of discretion.  *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).  An abuse of discretion will only be found where "the district court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable."  *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003).  Where a claim is made that the verdict is contrary to the weight of the evidence, "the verdict may be set aside and a new trial granted" if "the court reaches the conclusion that the verdict is contrary to the weight of the evidence and that a miscarriage of justice may have resulted."  *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010) (quoting *State v. Ellis*, 578 N.W.2d 655, 658–59 (Iowa 1998)).  "A verdict is contrary to the weight of the evidence where 'a greater amount of credible evidence supports one side of an issue or cause than the other.'"  *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006) (quoting *Ellis*, 578 N.W.2d at 658).  We review Koat's claim that the court failed to apply the proper

---

[1] Koat was also convicted of driving while barred and interference with official acts.

standard in ruling on his motion for new trial for errors at law. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

The jury was instructed the State was required to prove the following elements: (1) Koat operated a motor vehicle and (2) at that time, he was under the influence of alcohol. On appeal, Koat only challenges the weight of the evidence in relation to the second element, that he was under the influence of alcohol at the time he operated the motor vehicle.

The evidence presented at trial establishes the following: Urbandale police officer Brady Farrington was on routine patrol just after midnight on February 25, 2018, when he observed a vehicle with a broken rear-license-plate light. Farrington ran the license plate and learned the owner of the vehicle had an out-of-state arrest warrant,[2] so he conducted a traffic stop. The vehicle turned into an apartment complex, and Koat, its sole occupant, exited and began walking toward the apartment despite Farrington's commands to stop and "stay in the car." Farrington caught up to Koat and drew his taser, commanding Koat to get on the ground. Instead, Koat kept repeating, "What did I do?" and he "refused to answer any questions." After several minutes, Koat complied with the officer's command to get on his knees. Koat said he had a suspended license.

As Farrington placed handcuffs on Koat, he noticed Koat "smelled of alcohol." As they spoke, the officer noticed Koat "had a heavy, thick slurred speech" and observed "his eyes were bloodshot and watery." Based on his observations and interactions with Koat, Farrington opined "he was intoxicated."

---

[2] Officer Farrington later learned Koat was not the registered owner of the vehicle.

At the police station, Koat refused to perform field sobriety tests, and he refused the preliminary and chemical breath tests. Farrington was the only witness who testified at trial, and Farrington's squad-car and body-camera video footage was the only exhibit introduced at trial.

Upon our review and weighing of the evidence, we find the district court did not abuse its discretion in denying Koat's motion for a new trial because the verdict was not contrary to the weight of the evidence; in other words, this is not the rare case in which the verdict runs contrary to the weight of the evidence. *See State v. Benson*, 919 N.W.2d 237, 243 (Iowa 2018). Farrington's testimony was consistent, credible, and supportive of the verdict. The squad-car and body-camera videos corroborated his account of Koat's actions. Finding no abuse of discretion, we affirm the district court's denial of Koat's motion for new trial.

Koat also contends the court "did not conclude that the jury found that a greater amount of credible evidence supported a finding of guilt," rather, the court "merely said that there was 'sufficient' evidence." In ruling on Koat's motion, the court discussed the new-trial standard at length.[3] Although the court did mention the phrase "sufficient evidence," it is clear from the court's discussion as a whole that it did not apply a sufficiency-of-the-evidence standard to Koat's motion. *Cf. State v. Nitcher*, 720 N.W.2d 547, 560 (Iowa 2006) ("[T]he district court improperly

---

[3] The court began by stating, "Well, as the parties know, the discretion of the trial court should be exercised in all cases in the interest of justice and where it appears to the judge that the verdict is against the weight of the evidence." The court further stated, "In other words, if a court reaches a conclusion that the verdict was contrary to the weight of the evidence and that a miscarriage of justice may have resulted, the verdict can be set aside and a new trial granted." The court determined, "In this case, while it is a close call with respect to the evidence, I do find that the weight of the evidence supports the finding by the jury."

used the sufficiency-of-the-evidence standard rather than the weight-of-the-evidence standard in ruling on Nitcher's motion for new trial."). We conclude the court applied the correct weight-of-the-evidence standard, and we affirm on this issue.

**AFFIRMED.**