**IN THE COURT OF APPEALS OF IOWA**

No. 21-1467
Filed November 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MANUAL J. SEENSTER, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clayton County, Richard D. Stochl,

Judge.


        Manual Seenster Jr. appeals the district court's denial of his motions in

arrest of judgment and for a new trial. **CONVICTION CONDITIONALLY**

**AFFIRMED, RULING ON NEW TRIAL MOTION VACATED AND REMANDED.**


        Zeke Robert McCartney of Reynolds & Kenline L.L.P., Dubuque, for

appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.


        Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Manual Seenster Jr. guilty of delivery of methamphetamine. Seenster filed motions in arrest of judgment and for a new trial, arguing the State "failed to prove beyond a reasonable doubt that" he intentionally delivered methamphetamine to another person and the verdict was "contrary to the law and evidence." The district court denied both motions after finding "sufficient evidence to support the jury's verdict." The court imposed sentence without further mention of the new trial motion.[1]

On appeal, Seenster contends the evidence was insufficient to support the jury's finding of guilt and the verdict was contrary to the weight of the evidence. "When evaluating the sufficiency of the evidence, we consider whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record." *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) (internal quotations and citation omitted). "We generally review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion." *State v. Ernst*, 954 N.W.2d 50, 60 (Iowa 2021) (internal quotations and citation omitted). "However, we review a claim that the district court failed to apply the proper standard in ruling on a motion for new trial for errors at law." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016).

The jury was instructed the State would have to prove the following elements of delivery of methamphetamine:

> 1. On or about the 28th day of July, 2019, the defendant delivered methamphetamine.

---

[1] Seenster admitted to prior offenses and was sentenced as a habitual offender.

2. The defendant knew that the substance he delivered was methamphetamine.

"Deliver" or "delivery" was defined for the jury as "the actual, constructive, or attempted transfer of a substance from one person to another."

A reasonable juror could have found the following facts. A man in possession of methamphetamine agreed to cooperate with the Clayton County Sheriff to investigate Seenster for dealing. A deputy sheriff met the informant, had him empty his pockets, and gave him a listening device and "$100.00 of cash" that, according to the deputy, was the pre-arranged "purchase amount." The deputy dropped him off near a store in Postville, Iowa. "There was some conversation by phone between Mr. Seenster" and the informant, and it was agreed the informant would "come over to Mr. Seenster's house, and that's where the transaction" would take place. The deputy saw the informant walk to the building and enter the residence. Although the deputy was not able to see inside the residence, he could hear what was going on "[t]hrough the listening device." The deputy "heard conversation about the informant receiving the methamphetamine." He believed Seenster said "he doubled him up, which means he gave him more drugs than were requested." The transaction took about ten minutes. The informant texted the deputy to let him know Seenster would be "giving him a ride up the street." The deputy saw the two leave the house. After they parted ways, the deputy picked up the informant, who gave him a plastic bag containing "two individual gem bags with crystal methamphetamine inside." He searched the informant again "to make sure" the money was gone and there were no other drugs.

At trial, the informant confirmed the deputy's account of the events leading up to the purchase. He also described the purchase, stating he and Seenster "got into [Seenster's] bedroom and Seenster "had the drugs out on the table already." The informant "either set the money down or [ ] handed it to" Seenster. Nobody else was present; it was "just the two of them." The informant corroborated that fact by identifying the two voices on the audio recording of the transaction.

A juror reasonably could have surmised that Seenster delivered methamphetamine to the informant, knowing it was methamphetamine. Although Seenster testified at trial and denied the delivery, it was the jury's prerogative to weigh the evidence and assign credibility. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence." (internal quotations and citation omitted)). Substantial evidence supported the jury's finding of guilt.

Seenster next argues the greater weight of credible evidence supports his version of events. *See Ary,* 877 N.W.2d at 706 ("Iowa Rule of Criminal Procedure 2.24(2)(b )(6) permits a district court to grant a motion for new trial when a verdict is contrary to the weight of the evidence.") (citing *State v. Ellis*, 578 N.W.2d 655, 657–59 (Iowa 1998)). "The weight-of-the-evidence standard requires the district court to consider whether more "credible evidence" supports the verdict rendered than supports the alternative verdict." *Id.* "It is broader than the sufficiency-of-the-evidence standard in that it permits the court to consider the credibility of witnesses." *Id.*

Seenster separately moved for arrest of judgment and for new trial. His new trial motion cited the *Ellis* weight-of-the-evidence standard. At the sentencing hearing, Seenster's attorney asked the court, "for the reasons stated in each of those motions, to either arrest judgment or grant the defendant a new trial." The district court found "there was sufficient evidence in the record to support the jury's verdict. The Motion in Arrest of Judgment and the Motion for New Trial are denied."

"Appellate review of a district court ruling on a motion for new trial asserting the verdict was contrary to the weight of the evidence ordinarily does not extend to "the underlying question of whether the verdict is against the weight of the evidence." *Ary*, 877 N.W.2d at 707 (citation omitted). Seenster does not explicitly argue that the district court used an incorrect standard in ruling on the new trial motion. But that argument is implied in his assertion that, "when credibility is considered, the evidence supports a finding of not guilty." We are not at liberty to weigh the informant's testimony against his own and adopt "the defendant's [ ]version," as he requests. *See id.* (reversing the district court ruling on the motion for new trial and remanding for application of the correct standard). It is the district court's obligation to consider that request, applying the weight-of-the-evidence standard. Because the court applied the sufficiency standard in ruling on the new trial motion, we conditionally affirm Seenster's conviction but vacate the ruling on the new trial motion and remand for application of the weight-of-the-evidence standard. *See State v. Brumfield*, 21-0011, 2022 WL 951033, at *3 (Iowa Ct. App.

Mar. 30, 2022); *State v. Saunders*, No. 20-1352, 2022 WL 108569, at *3 (Iowa Ct. App. Jan. 12, 2022).

**CONVICTION CONDITIONALLY AFFIRMED, RULING ON NEW TRIAL MOTION VACATED AND REMANDED.**