# IN THE COURT OF APPEALS OF IOWA

No. 24-1297
Filed October 15, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**KEYWANI DESHARON EVANS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Ackley, Judge.

Keywani Desharon Evans appeals his convictions for first-degree murder and first-degree robbery. **AFFIRMED.**

R. Ben Stone of Parrish Kruidenier, LLP, Des Moines, for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

Keywani Desharon Evans appeals his convictions for first-degree murder and first-degree robbery. He alleges (1) the district court violated his due process rights by making a sua sponte objection during cross-examination of a State witness, (2) the weight of the evidence did not support his convictions, and (3) his convictions were not supported by sufficient evidence. Upon our review, we affirm his convictions.

## I.      Background Facts and Proceedings

In June 2022, Taiwon Jackson Jr. went to a birthday party to pick up his girlfriend's child after a dispute over visitation with the baby's father, Mitchell Hamilton. Evans was present at the party, as the party was to celebrate his relative's birthday and retirement. At some point, Jackson's girlfriend exchanged a heated phone call with Hamilton. Jackson interjected in support of his girlfriend. Evans overheard. Following the call, Evans promised to "pop his ass" once Jackson arrived. After Jackson arrived and while his girlfriend put the child in the car, partygoers began arguing with Jackson.

Jackson was eventually surrounded by several partygoers, including Evans. Evans walked Jackson away to have their own conversation on the sidewalk. They ended up in an alleyway between two buildings. Once in the alleyway, Evans shot Jackson in the back of the head. Jackson fell to the ground. Evans stood over him and fired two more shots into Jackson's body. Then, Evans leaned down and went through Jackson's pockets, taking several items. A video shows Evans shooting Jackson and running from the alleyway.

The State charged Evans with murder in the first degree, a class "A" felony in violation of Iowa Code section 707.2(1)(a) (2022), and robbery in the first degree in violation of Iowa Code sections 711.1 and 711.2. A jury convicted Evans as charged. He now appeals.

## II. Due Process Claim

First, Evans argues the district court violated his due process rights by making an objection during his cross-examination of a State witness. The State argues error is not preserved because Evans was allowed to ask the question after a sidebar, Evans failed to object to the court's interjection, and district court failed to rule because Evan's argument was too vague.

We agree with the State that error is not preserved. When the district court heard what it thought was a witness being badgered by repeated questioning, it interjected by stating, "I think it has been clearly established, asked and answered, and without anybody objecting, I will now interject." After a sidebar was held to clarify Evans's position, the court allowed Evans to ask the question. Our review of the entirety of the record does not show an objection or ruling by the district court before Evans moved for new trial. An objection that is first raised in a motion for new trial comes too late. *See State v. Krogmann*, 804 N.W.2d 518, 524 (Iowa 2011) (requiring parties to alert court "to an issue at a time when corrective action can be taken" (citation omitted)).

## III. Weight and Sufficiency of the Evidence

Second, Evans alleges the verdict was contrary to the weight of the evidence. He argues the greater weight of the evidence shows he was justified in shooting and killing Jackson. The district court may grant a motion for a new trial

"[w]hen the verdict is contrary to . . . the weight of the evidence." Iowa R. Crim. P. 2.24(2)(b)(7). "A verdict is contrary to the weight of the evidence only when 'a greater amount of credible evidence supports one side of an issue or cause than the other.'" *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016) (citation omitted).

Unlike the sufficiency-of-the-evidence standard, the weight-of-the-evidence standard permits the court to consider the credibility of witnesses. *Id.* But rather than deciding whether sufficient credible evidence supports the jury's verdict, the court may "grant a motion for new trial only if more evidence supports the alternative verdict as opposed to the verdict rendered." *Id.* Because "a motion for new trial brought under the weight-of-the-evidence standard essentially concedes the evidence adequately supports the jury verdict," the court may grant a new trial based on the weight of the evidence "only in the extraordinary case in which the evidence preponderates heavily against the verdict rendered." *Id.*

In our view, this is not one of those "exceptional cases in which the evidence preponderates heavily against the verdict." *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998) (citation omitted). Witnesses watched as Evans shot Jackson in the back of the head. A video shows Evans standing over Jackson and firing two additional gunshots into his lifeless body before kneeling and rifling through Jackson's pockets. Hours before the shooting, witnesses heard Evans saying in reference to Jackson, "I'll pop his ass. You hear me? I'll pop his ass." The weight of the evidence does not show Evans was justified in shooting and killing Jackson.

Further, Evans attempts to support his justification defense by asserting Jackson had a weapon. In denying his motion for new trial, the district court addressed this contention:

> [T]here was no evidence supporting the theory that Mr. Jackson had a weapon on him while he was at the party. When the Defendant rifles through the pockets of Mr. Jackson, there is no weapon. Witnesses indicated they did not see a weapon on Mr. Jackson.

Our review of the record supports the district court's finding relating to any weapon Jackson allegedly possessed. Accordingly, we find the district court did not abuse its discretion in denying the motion for new trial.

Evans also contends there is insufficient evidence supporting his conviction, relying on the same arguments that his actions were justified. Viewing the evidence and the inferences drawn from it in the light most favorable to the State, we find his argument no more persuasive on sufficiency-of-the-evidence grounds. *See State v. Jones*, 967 N.W.2d 336, 339 (Iowa 2021) (reciting the standards for sufficiency-of-the-evidence review).

## IV.    Conclusion

Because the sufficiency and weight of the evidence supports the jury's verdict and Evans did not preserve error on his due process claim, we affirm.

**AFFIRMED.**